BRADLEY v. GELKINSON.

1. **Mortgage**: OF CROPS TO BE GROWN: PRIOIRTY OF. Where two mortgages are given upon certain crops to be grown, they are entitled to precedence in the order of their execution and recording, although the second mortgage was given for the purchase-price of the seed from which the crops were to be grown.

2. ——: ——: ESTOPPEL. The fact that the first mortgagee, knowing that the second mortgagee had taken possession of the crop, made no claim thereto until the same was harvested and threshed, would not estop him from asserting his claim.

*Appeal from Osceola Circuit Court.*

MONDAY, DECEMBER 12.

THE plaintiff brings this action to recover of the defendant damages for the alleged conversion of certain property which the plaintiff claims as the assignee of a chattel mortgage executed on the 17th day of November, 1877, by James Heatham to William D. Bradley to secure a promissory note of the same date for the sum of $84.20, payable October 1, 1878. The property mortgaged is described as follows: "All the crops raised or grown on the north ½ of the S. E. ¼ of section 20, township 98, range 41, in the year 1878; said crop to consist of wheat, oats, flax, barley, corn, and rape seed, in all about 70 acres."

The defendant filed an answer substantially as follows:

First. Denies that the note and mortgage set out in plaintiff's petition were assigned to him before due.

Second. Denies that he wrongfully entered upon the premises of James Heatham and wrongfully took possession of the grain described in the petition.

Third. Alleges that on the 9th day of March, 1878, he sold to James Heatham fifty bushels of wheat, ten bushels of flax, twenty bushels of barley, and thirty bushels of oats, for the sum of $92, for which sum James Heatham executed his

promissory note, secured by a chattel mortgage on the above described grain, then in said Heatham's bin on the N. ½ of the S. E. ¼ of section 20, township 98, range 41.    Said chattel mortgage authorized said James Heatham to sow the grain therein described on the above described land and the increase and crops raised from said seed was to be held and covered by said mortgage.    That the said James Heatham did sow the above described grain on the above described land, in the spring of 1878, and that the wheat, flax, barley, and oats described in defendant's mortgage were the only wheat, flax, barley, and oats sown and planted on the above described land in the season of 1878.

Fourth.    That plaintiff was present when the defendant took possession of the grain described in the petition, and knew that defendant was taking possession of, and threshing, and disposing of it under a lien that he claimed to have upon it, and plaintiff made no claim to it, and asserted no interest in it, and defendant had no knowledge that he had or claimed any interest in it until after it was threshed and disposed of, and hence plaintiff is estopped from asserting any claim thereto.

Fifth.    That, in the fall of 1878, all of said crops were very poor and short.    That said Heatham commenced to thresh them, and found they would not pay for handling and threshing, and notified this defendant that he would have nothing further to do with the crops, and that if they were threshed, this defendant would have to do it.    This defendant thereupon took possession of the wheat, flax, and oats grown on said above described lands from above described seed, and none other, by his agent, J. H. Douglas, sheriff of Osceola county, and proceeded to thresh and care for the same; that said wheat threshed out, when cleaned, one hundred and ninety-four bushels; said flax, forty-three bushels, and said oats, one hundred and sixty bushels; that this defendant realized from the sale of said wheat the sum of $62.05; from the sale of said

flax, the sum of $29.03; and from the sale of said oats, $20, which was the highest market price they would bring; that the total expense in taking posession of, threshing, and marketing said grain was $77.95, leaving a balance only $23.13 in defendant's hands to apply on the debt due him. The mortgage under which the defendant claims, a copy of which is attached as an exhibit, is dated March 9, 1878, and describes the mortgaged property as follows: "Fifty bushels of wheat, now in my bin, on the north half, of the southest quarter, section twenty, township ninety-eight, range forty-one. Said Heatham to sow said wheat on said place, and this mortgage to cover all the wheat grown from said wheat. Ten bushels of flax-seed in said bin, to be sown on same land, and this mortgage to cover all the flax grown from said seed; twenty bushels of barley in said bin, to be sown on said land, and this mortgage to cover all the barley grown from said seed; and thirty bushels of oats in same bin, to be sown on same lands, and this mortgage to cover all the oats grown from said seed upon said land."

The plaintiff demurred to the several counts of the defendant's answer, on the ground that the facts stated constitute no defense. This demurrer was overruled.

The plaintiff elected to stand upon his demurrer, and judgment was rendered against him for costs. The plaintiff appeals.

*Barrett & Butler*, for the appellant.

No argument for appellee.

DAY, J.—I.    The mortgage under which the plaintiff claims was executed November 17, 1877, and was recorded February 18, 1878. The mortgage under which defendant claims was executed March 9, 1878. Both mortgages are upon the crops to be grown upon the same land for the year, 1878. No question is made as to the validity of either mortgage, the only question involved in relation to them

1. MORTGAGE: of crops: priority of.

being as to which is paramount. The mortgage under which the plaintiff claims was executed and recorded before the defendant's mortgage was executed. The defendant's mortgage is upon certain wheat, flax, barley, and oats in the bin of Heatham, but the mortgage provides that the specific property mortgaged shall be sown, and the mortgage shall attach to the crops grown therefrom. The only theory upon which the defendant's mortgage can have precedence, is that it was given to secure the price of the seed from which the crop was grown. We think, however, that the consideration for which the mortgages were given is immaterial. The mortgages are entitled to precedence in the order of their execution and recording. The mortgage under which plaintiff claims was on record when that of the defendant was executed and whatever rights the defendant acquired are subject to the superior claim of plaintiff.

II. The facts alleged in the fourth count of the answer do not constitute an estoppel. The defendant, under his mortgage, had a right to take possession of the grain, and pay off the plaintiff's superior lien, and apply the balance to his own claim. The plaintiff had a right to suppose that defendant had knowledge of the mortgage under which plaintiff claims, which was upon record, and that he was taking possession of the crops subject to the plaintiff's mortgage. The mere fact that he did not assert his claim does not estop him to do so now.

III. The facts alleged in the fifth count of the answer are pleaded as a complete defense. That they do not constitute a complete defense is apparent from what has already been said.

Whether the defendant would be entitled to a reasonable compensation for harvesting and taking care of the crops, and would be responsible only for the sum realized by the employment of reasonable care and dilligence, is a question which this appeal does not present, and which we do not determine.

REVERSED.