BIRCH v. STEPPLER.

Plaintiff's husband, owning a house and lot, executed a deed of trust thereon to secure a debt due C. Before the debt was paid he conveyed to C., who, by quitclaim deed, conveyed to plaintiff, both deeds being without consideration, the intent being to vest plaintiff with the rights of her husband subject to the claim of C. for his debt, plaintiff having full knowledge of the facts. Defendant afterwards, having no actual notice, although plaintiff's deed was recorded, in good faith bought the lot of C., believing him the owner, for the full value thereof, which went to pay C.'s debt. Plaintiff, for a long time prior to defendant's purchase, treated C. as owner, and paid him rent, and told defendant, upon inquiry, that the property was C.'s, and that she had no claim on it, and that if defendant bought of C. she would move out and give possession, which she accordingly did. *Held,* that plaintiff was estopped to claim title to the property.

*Appeal from District Court of Arapahoe County.*

THIS action was brought by the plaintiff below, who is appellant here, to recover the possession of lot 24, block 27, in Case & Ebert's addition to the city of Denver, and to recover damages for the detention and occupation of said premises. The defendant, answering the complaint, denied all the allegations thereof, and alleged that she was the lawful and equitable owner of the premises, and that she had been seized in fee of the same since the 26th day of June, 1878, and filed her amended third defense and cross-complaint as follows: " And now comes the defendant, by leave of the court first had and obtained, to amend her third defense to this action as she might be advised, and files this for her third defense, as so amended, and as an equitable defense to said action, and as a cross-complaint therein. The defendant alleges that the plaintiff ought not to be admitted or allowed to allege that she is the owner, or has any right or title or claim whatever to the said premises described in said complaint, to wit, lot twenty-four (24), in block twenty-seven (27), in Case & Ebert's addition to the city of Denver, in the

county of Arapahoe, and state of Colorado; that the only apparent claim or title the plaintiff ever had to said premises was a quitclaim deed for the premises from William H. Clise, dated May 22, A. D. 1876; that said quitclaim deed was made at the instigation and request of the plaintiff and her husband, Samuel Birch, and when made was delivered to the plaintiff, and by her placed for record in the recorder's office of Arapahoe county immediately after the execution of the same; and defendant further alleges that said quitclaim deed was made without any consideration whatever from the said plaintiff, and only for the purpose hereinafter stated. The defendant further alleges that on the 23d day of December, A. D. 1874, Samuel Birch, the then owner of said premises, executed a deed of trust to William F. McCartney, as trustee upon said premises, to secure William H. Clise the sum of $150, and interest thereon; and further, that on the 16th day of December, A. D. 1875, the said Samuel Birch executed another deed of trust on the same premises to Henry C. Dillon, trustee, to secure the said William H. Clise the further sum of $150, and interest on the same; that on the 14th day of December, A. D. 1875, the said Samuel Birch made and executed a warranty deed of the same premises to William H. Clise; that on the 25th day of October, A. D. 1877, the aforesaid William F. McCartney, by virtue of the deed of trust aforesaid, wherein said McCartney was trustee, made a trustee's deed of the same premises to the said William H. Clise, and that on the 27th day of June, A. D. 1878, the said William H. Clise and William F. McCartney made and executed a warranty deed of the same premises to this defendant, Bertha Steppler, and the defendant alleges that the said deed so made by said Clise and McCartney was made at the instigation and request of the plaintiff in this suit; that as aforesaid the deed from Samuel Birch to William H. Clise was made not only with the knowledge but at the request of the

plaintiff in this suit; that the money due from said Samuel Birch to the said William H. Clise, so secured as aforesaid by the two deeds of trust aforesaid, had not been paid at the time of the making of the aforesaid deed by Samuel Birch to William H. Clise, nor at the time of the making of the aforesaid quitclaim deed by William H. Clise to the plaintiff, nor had it been paid at the time. of the execution of the aforesaid trustee's deed by William F. McCartney to the said William H. Clise; and the defendant further alleges that at the time of the making of the quitclaim deed aforesaid by the said William H. Clise to the plaintiff in this suit it was agreed between them that the said William H. Clise was to sell said property for and on account of the money so due him as aforesaid and so secured by the two deeds of trust aforesaid; and the defendant further alleges that the said William H. Clise never claimed to be the absolute owner of the said premises by virtue of either the trustee's deed aforesaid or of the deed from Samuel Birch to the said William H. Clise, but that by virtue of their conveyances he only claimed the same as security for the moneys so due him as aforesaid; and the defendant further alleges that said money so due to said William H. Clise was not paid until the sale of the premises to this defendant on the 26th day of June, A. D. 1878, and that then the money so due to said Clise was paid to him out of the purchase money paid by this defendant for said premises,— the said sum so due to said Clise being at that time about $600; that said plaintiff was an active participant in said sale; and in all things done in connection therewith, and especially with the payment of money to Clise arising from said sale; and the defendant further alleges that the quitclaim deed hereinbefore stated to have been made to the plaintiff in this suit was made with the understanding and agreement between the said Clise and the plaintiff that she had taken no interest in said premises, but that she held the same in trust only for the

purpose of paying the money so due William H. Clise as aforesaid; and the defendant, further answering, alleges that she bought the said premises in good faith, and alleges that before she bought or paid for the said premises, to wit, on the 26th day of June, A. D. 1878, and at divers other times before said purchase, she visited the premises for the express purpose of seeing plaintiff in this suit, who was then in possession of the said premises, with reference to the same, and to inquire of her if she had or claimed any interest in the said lot or premises; that this defendant then and there, and before she would purchase the said premises, stated and explained to the plaintiff in this suit that she, this defendant, was about to purchase the said lot and premises if she, the plaintiff, was willing thereto, and if she, the plaintiff, had no claim upon the same; but that if she, the plaintiff, had any objection to the purchase, or had any claim upon the premises, she would not buy the same; and the defendant then and there told the said Catherine Birch of whom she was about to buy said premises, to wit, William H. Clise, and what she was to pay for the same, and to whom; that the plaintiff then and there disclaimed any and all interest in said lot and premises, and then and there persuaded the defendant to buy said lot and premises, and there showed the defendant through the various apartments of the house on said premises, and that the plaintiff then and there and at various other times held out other inducements to the defendant to buy said premises; and the defendant alleges that but for the representations so made as aforesaid by the plaintiff to this defendant she would not have purchased said premises; but that, relying upon the representations so made by the plaintiff, she, the defendant, did purchase said premises, and did pay therefor the full value thereof, that is to say, the sum of $800; and the defendant further alleges that the plaintiff approved of and ratified said sale after the same was made to this defendant as aforesaid; that the money

so due to William H. Clise as aforesaid was paid to him out of the purchase money paid by this defendant with the knowledge and at the request of said plaintiff; and further, that the plaintiff received and appropriated to her own use the balance of the purchase money after the payment to said Clise as aforesaid; and the defendant further alleges that afterwards, to wit, on the 3d day of July, A. D. 1878, the plaintiff in this suit, with full knowledge of all the facts aforesaid, turned over and delivered up the possession of the said lot and premises to this defendant under and by virtue of the purchase aforesaid, and that the plaintiff quit the possession at the same time that she delivered the possession to this defendant; and the defendant further alleges that she has paid all taxes and assessments of every kind on or against said lot and premises, as well for the year 1878 as for all years subsequent thereto; that the defendant has occupied said premises from the 3d day of July, A. D. 1878, to the present time, and that she has been in the full, open, notorious, uninterrupted, unobstructed possession during all that time, without any claim or demand whatever from the plaintiff until the bringing of this suit; and the defendant alleges that the action of the plaintiff in the premises is fraud of the grossest character, and that she is estopped and should be estopped to set up any claim or demand or title to the said premises, or any interest therein. Wherefore this defendant prays judgment against this plaintiff as follows: That the plaintiff may be enjoined from asserting or setting up any claim or interest or title to the premises in the complaint and in the answer described, that is, lot 24, in block 27, in Case & Ebert's addition to the city of Denver, in the county of Arapahoe, and state of Colorado; and that the plaintiff may be ordered and decreed to execute a quit-claim deed to the defendant for said premises, and for costs." Plaintiff, for answer to said cross-complaint, denied all the allegations thereof, except the making of the

several conveyances therein set out, and alleged the facts constituting the consideration for the quitclaim deed from Clise to her.    Defendant, by reply, denied all the allegations of the answer.

The cause was tried by the court as an equity case, without a jury, and the court made the following findings and decree: "This day this cause come on to be heard by the court upon the complaint and the cross-complaint and equitable defense of the defendant, and the answer of the plaintiff to said cross-complaint and equitable defense, and the replication of the defendant to said answer, and upon evidence offered to and heard by the court, and upon argument of counsel; and the court, being fully advised in the premises, doth find that the original trust deed from Samuel Birch to secure W. H. Clise was never paid, and that there was no merger by the warranty deed from Samuel Birch to W. H. Clise, and that there was no consideration for said deed; and that, from the evidence before the court, there was no intention whatever that there should be any such merger; that said deed was made for the purpose of putting in Mrs. Catherine Birch, the wife of Samuel Birch, only such right or interest as —— Birch might have, subject to the right of W. H. Clise, and that the deed to Catherine Birch was made for the same purpose and subject to the same rights; that she took said deed with full knowledge of all these facts, and of the rights of W. H. Clise, and that she paid no consideration for said deed; that the defendant bought the property of W. H. Clise, who sold it of his own motion with the full knowledge of Catherine Birch, and that the defendant Bertha Steppler had no notice whatever that she was not purchasing a good title; that the defendant paid a fair and full consideration for the property, and that the purchase price was not sufficient to pay the amount due to W. H. Clise, which was an incumbrance on the property which had never been paid; that the plaintiff had for a long time prior to the sale to Bertha

Steppler recognized Clise as the owner of the property, and was his tenant on, and paid him rent for, the said property, and that she voluntarily surrendered the property to Bertha Steppler at the time of the purchase by her from Clise; that the defendant has paid all taxes on said property since the purchase of the same by her, and that the purchase money went to pay the aforesaid incumbrance of W. H. Clise. And the court further finds, from the law and the facts, that the defendant Bertha Steppler is the owner of said lot 24, in block 27, in Case & Ebert's addition to the city of Denver, in the county of Arapahoe, and state of Colorado, and that the plaintiff has no right to or interest in said lot and premises. Wherefore the court doth order, adjudge and decree that the said Catherine Birch, her agents, attorneys, and all others claiming through or under her, be and are hereby forever restrained and enjoined from selling, incumbering, disposing of, interfering with, or in anywise asserting any claim or title to, said lot 24, in block 27, in Case & Ebert's addition to the city of Denver, in the county of Arapahoe, and state of Colorado, or to any part of said lot or premises. And it is further ordered that the plaintiff pay the costs of this suit, and that execution issue therefor."

Mr. I. R. HOWSE, for appellant.

Mr. V. D. MARKHAM, for appellee.

RISING, C. Appellant assigns for error that the court erred in rendering judgment in favor of the appellee. The consideration of the question raised by this assignment requires an examination of the pleadings with a view of determining the applicability of the evidence to the issues made. The first and second defense in the answer put in issue the ownership of the premises in controversy, and the third defense and cross-complaint, and the answer thereto, present (1) the question whether the conveyance from Clise to the plaintiff conveyed the prem-

ises to her in trust for the purpose of paying the debt secured by the trust deed to McCartney; and (2) whether the plaintiff is estopped by her acts from asserting title to the premises as against the defendant. There is no evidence tending to establish the trust pleaded.

Was the evidence sufficient to establish an estoppel? In *Patterson v. Hitchcock*, 3 Colo. 533, and in *Griffith v. Wright*, 6 Colo. 248, the essential elements of an estoppel by conduct were held to be: *First*. There must have been a representation or concealment of material facts. *Second*. The representation must have been made with knowledge of the facts, unless the party making the representation was bound to know the facts, or ignorance of them was the result of gross negligence. *Third*. The party to whom it was made must have been ignorant of the truth of the matter. *Fourth*. It must have been made with the intention that the other party should act upon it; but gross and culpable negligence upon the part of the party sought to be estopped, the effect of which is to work a fraud on the party setting up the estoppel, supplies the place of intent. *Fifth*. The other party must have been induced to act upon it.

It is contended by appellant that the third and fifth elements of an estoppel are totally wanting. The evidence tending to establish each of these elements is so connected that we will examine it as to its bearing upon both of these questions at the same time. While the testimony of the witnesses is somewhat conflicting, we think it clearly appears from a consideration of all the evidence that before defendant purchased the premises the plaintiff was fully advised by the defendant that she was talking about purchasing the premises from Clise, and that plaintiff did not then make any claim to them, but gave the defendant to distinctly understand that she was paying rent to Clise for the premises, and that Clise had the sale of the premises. Plaintiff also, being in possession of the premises, told the defendant that if de-

fendant bought them she would move out. These facts, with the further fact that it is well established by the evidence that plaintiff had no equitable right to the premises, and that she was occupying the same as the tenant of Clise, and that Clise was the actual owner, leads us strongly to believe the testimony of the defendant, although denied by the plaintiff, as to the direct representations of the plaintiff that the premises once belonged to her, but that she lost them on account of a mortgage, because the statement, if made, would accord with the facts as shown by the evidence. It appears from the evidence that the defendant employed attorneys to examine the title to the premises, and that she acted on their advice; but it also appears from the evidence that she would not have purchased the premises if the plaintiff had made any claim to them, and this evidence is in no manner contradictory to the assertion that she acted on the advice of her attorneys. She might have reposed implicit confidence in the advice of her attorneys as to the condition of the title, and still have refused to take the property with threatened litigation. We think the evidence is sufficient to show that defendant would not have purchased the premises had the plaintiff made known to the defendant that she made any claim to them.

The doctrine of estoppel applicable to this case is so well stated in *Hill v. Epley*, 31 Pa. St. 331, 334, that we quote therefrom: "The primary ground of the doctrine is that it would be a fraud in a party to assert what his previous conduct had denied, when, on the faith of that denial, others have acted. The element of fraud is essential, either in the intention of the party estopped, or in the effect of the evidence which he attempts to set up. Thus, if a person positively encourage another to purchase either land or a chattel, he cannot afterwards assert any title in himself to the thing purchased, and this though he may have been ignorant of his rights when

he gave the encouragement. For though, in the latter case, there may have been no fraudulent intent, yet the assertion of his title would operate as a fraud — as much so as if there had been a fraudulent purpose. Besides, the equitable principle is that when a loss must befall one of two innocent persons, that one must bear it through whose act it was occasioned. It seems also to be well settled that silence in some cases will estop a party against speaking afterwards. Thus, if one suffers another to purchase and expend money upon a tract of land, and knows that the other has a mistaken opinion respecting the title to it, and does not make known his claim, he shall not afterwards be permitted to set up a claim to that land against the purchaser. His silence then becomes a fraud. But silence without such knowledge works no estoppel." In the case under consideration the plaintiff, knowing that defendant was about to expend her money upon the premises then occupied by the plaintiff, not only remained silent as to any claim she had thereto, but, by her conduct, positively encouraged the defendant to so expend money, by making the statement that she was paying rent therefor to Clise, and by her willingness to give up the possession in case of a sale by Clise to defendant; and by this conduct she is estopped from asserting any claim to the premises known to her or which should have been known to her at the time of the purchase by the defendant, unless the defendant had knowledge of the true condition of the title to the premises, or the same means for ascertaining the true state of the title that plaintiff had.

It is urged by counsel for appellant that the deed from Clise to the plaintiff being of record at the time defendant purchased the property, her means for ascertaining the true state of the title thereto were equal to the plaintiff's opportunities in that respect, and that the rule that "where the condition of title is known to both parties, or both have the same means of ascertaining the

truth, there can be no estoppel" (approved in *Patterson v. Hitchcock*, 3 Colo. 533–537), must be applied, so that no estoppel may arise from the conduct of the plaintiff. We do not think the facts of this case bring it within the rule relied upon, in that they do not show that the plaintiff and defendant both had the same means for ascertaining the truth. If the record did not disclose the true state of the title, the plaintiff knew, or should have known, that fact; and in so far as she knew, or should have known, of any fact relating to the title, not disclosed by the record, she possessed knowledge, or the means for the acquirement of knowledge, not possessed by the defendant. The court below found as a fact in the case, and the evidence is sufficient to warrant such finding, that the deed from Samuel Birch to Clise was made for the purpose of vesting in his wife, the plaintiff herein, only such right or interest in the premises as said Birch had, and subject to the right of said Clise in said premises, and that the deed from Clise to the plaintiff was made for the same purpose and subject to the same right of said Clise, and that the plaintiff took said deed with full notice of all these facts and of the rights of said Clise, and that she paid no consideration for said deed. These findings of the court show conclusively that the record of the title did not disclose all the facts relating to the title to said premises, and that the facts not disclosed by the record were known to the plaintiff at the time when it is said she made the representations in relation to her rights, and from which facts it clearly appears that the true condition of the title was not equally well known to the plaintiff and to the defendant, and that each did not have the same means for ascertaining the truth in relation thereto. The case of *Griffith v. Wright*, 6 Colo. 248, 251, clearly recognizes the principle that a record is only constructive notice to a purchaser, and that having such notice a purchaser would be put on inquiry. In the case at bar the party sought to be estopped is the

party to whom the purchaser should apply for information.

From the views herein expressed it follows that the plaintiff is by her conduct estopped from asserting title to the premises against the defendant. This conclusion renders any further consideration of the case unnecessary.

The judgment should be affirmed.

STALLCUP, C., concurs.    DE FRANCE, C., dissents.

PER CURIAM.    For the reasons assigned in the foregoing opinion the judgment is affirmed.

*Affirmed.*