### W. H. MORRIS v. J. R. HERNDON et al.

*Registration of Mortgage — Constructive Notice — Estoppel in Pais.*

1. Registration is not sufficient notice to prevent the operation of an estoppel *in pais;* if ever permitted to have such effect, such constructive notice applies only where the conduct creating the alleged estoppel is mere silence and not an affirmative act or word; therefore,

2. Where B, the owner of a second mortgage, induced A, a first mortgagee, to take another mortgage on the same property to secure the same indebtedness, thereby giving to the second mortgage a legal priority over the new mortgage, A having no actual notice of B's lien: *Held,* that B was not a mere silent bystander, but a participant in the transaction, and he cannot be permitted to retain the advantage obtained under such circumstances.

This was a CIVIL ACTION, tried before *Connor, J.,* and a jury, at October Term, 1892, of DURHAM Superior Court.

The plaintiff introduced the following evidence:

W. H. Morris, plaintiff: "I held the mortgage of March 19, 1886. There was due in 1889 thirty dollars and interest. L. C. Herndon came and asked me to take J. R. Herndon out from under Mr. Farthing. I paid Mr. Farthing two hundred and thirty-five dollars and sixty-five cents. Two hundred was for Herndon's mother; the balance was for J. R. Herndon ($35.65). L. C. Herndon was present at the time the last mortgage was executed. He was present during the entire transaction. He said nothing about his lien. They did not tell me that L. C. Herndon had a mortgage. I paid Farthing the money. Farthing wrote the mortgage. I did not say that unless I could get all the incumbrances, I would not take anything."

At the close of plaintiff's testimony the defendant asked the Court to charge the jury that, if they believed the evidence, they should answer the issues in favor of the defendants. This was refused, and the defendants excepted on the ground that, taking the plaintiff's testimony as true, he was not entitled to recover.

The defendants introduced the following witnesses, who testified as set out:

L. C. Herndon: "Farthing wrote the mortgage. Morris said that he could not take up the mortgage Farthing held against my mother unless he could get all. Morris said that he would take it on the same terms that Farthing had it. I did not urge Morris to take up the mortgage against J. R. Herndon. I paid the amount to Morris for my brother. Morris was told that I had a mortgage."

J. R. Herndon said: "That he was not present when the mortgage to Morris was being prepared. He signed it as prepared by Farthing."

G. C. Farthing, a witness for defendants, said: "The general character of the Herndons is good. I had a mortgage against Herndon's mother. Morris had agreed to settle it if Herndon would pay him thirty dollars he owed him for

some rent. Herndon fixed the thirty dollars in a mortgage. Herndon took up both mortgages. I wrote the mortgage from J. R. Herndon to Morris from a mortgage J. R. Herndon had previously given to me. L. C. Herndon was present when the mortgage was written."

The foregoing was all the evidence of the defendants.

The defendants duly requested his Honor to charge the jury that, upon the whole evidence, the plaintiff was not entitled to recover, and that they should answer the issues in favor of the defendants. This request was refused, and the defendants excepted, and, after verdict and judgment for plaintiff, appealed.

*Messrs. Boone & Parker*, for plaintiff.
*Messrs. Fuller & Fuller*, for defendants (appellants).

SHEPHERD, C. J.: In *Mason* v. *Williams*, 66 N. C., 564, it is said by RODMAN, J., that registration is not sufficient notice to prevent the operation of an estoppel *in pais;* but even were it otherwise, such constructive notice would not affect the rights of an innocent purchaser, if under the circumstances it was the duty of the owner to make known his claim or title. This doctrine of constructive notice when applied to estoppels, "if correct at all (says Mr. POMEROY, 2 Eq. Jur., 810), is correct only within very narrow limits, and must be strictly confined to cases where the conduct creating the alleged estoppel is mere silence. If the real owner resorts to any affirmative acts or words, or makes any representation, it would be in the highest degree inequitable to permit him to say that the other party, who had relied upon his conduct and had been misled thereby, might have ascertained the falsity of his representation." In speaking of the same principle, Mr. Herman says (2 Estoppel and Res. Jud., 9627): "But this is applicable only in the case where the foundation of the estoppel is in silence or acquiescence, for when the

owner *concurs in a sale by participating in it at the time,* it becomes his own act." So it is said in *Mason* v. *Williams, supra,* that "the rule is that if a man so conducts himself, whether intentionally or not, that a reasonable person would infer that a certain state of things exists, and acts on that inference, he shall be afterwards estopped from denying it."

Without discussing the general doctrine as to the effect of mere silence, where there is registration, and leaving it as it stands upon our decided cases, and, conceding for present purposes the principle stated by the above mentioned authors, we think there was something more here than simple acquiescence, and that his Honor was correct in refusing to charge that, upon the whole testimony, the interpleader, L. C. Herndon, was not estopped to claim the property in controversy. The instruction must be treated as if it were a formal demurrer to evidence, in which case it is well settled that the testimony must be considered in the aspect most favorable to the opposite party. *Gwaltney* v. *Timber Co.,* 111 N. C., 547. Viewed in this light, it was certainly a legitimate inference that L. C. Herndon was chiefly instrumental in bringing about the transaction, by virtue of which he insists that the claim of the plaintiff should be postponed to his own.

The plaintiff had a first mortgage executed by J. R. Herndon, and at the instance of the said L. C. Herndon the plaintiff took another mortgage upon the same property to secure the same indebtedness. The effect of taking this last mortgage was, it is conceded, to release the first, and by this means it came about that a second mortgage held by the said Herndon acquired the legal priority. Should he be permitted to avail himself of this advantage obtained under such circumstances? The plaintiff had no actual knowledge of the said mortgage, and we think it was the duty of Herndon to inform him of its existence. He was not a mere silent bystander, but a *participant* in the entire transaction, and as the property was insufficient to secure the claims of both, it

was inconsistent with good faith and fair dealing that he should have encouraged the plaintiff by his silence to part with his existing security. The plaintiff had a right to infer from the conduct of Herndon that he at least had no claim which would necessarily or probably impair the security which was then being substituted, at his instance, for the plaintiff's prior lien. This brings the case within the principles declared in the passages we have extracted from Herman, and *Mason* v. *Williams, supra,* which are abundantly sustained by our own decisions, as well as other authorities.

Affirmed.