THE FARM LAND MORTGAGE AND DEBENTURE COMPANY v. J. A. HOPKINS, *late Sheriff*, etc.

No. 12,248.   (66 Pac. 1015.)

SYLLABUS BY THE COURT.

1. FORECLOSURE SALE—*Erroneous Statement by Sheriff—Action for Amount of Bid—Sheriff not Estopped.* In a foreclosure proceeding two judgments were rendered, which were decreed to be first and second liens on the mortgaged premises. Just prior to the mortgage sale an attorney of the holder of the first lien, who was not familiar with the record, inquired of the sheriff the amount of the first lien, stating that he desired to bid for the land the amount of the lien and costs, and the officer by mistake gave the amount of both liens, a sum $654.30 in excess of the first lien. The property was then offered for sale, and the attorney bid the amount given him by the sheriff, which was the best bid and was accepted. The sale was confirmed, and a sheriff's deed executed and delivered to the purchaser, after which the excess of the bid over the first lien and costs was demanded by the sheriff, and, being refused, suit was brought to recover it. The purchaser invoked the doctrine of estoppel, claiming that it was misled by the erroneous statement of the sheriff as to the amount of its judgment and that he was estopped to claim such excess. *Held*, that the sheriff was under no legal duty to inform the judgment creditor of the amount of his judgment, and, as the creditor had the same means of ascertaining the facts as the sheriff had, the doctrine of estoppel is not applicable.

2. EQUITABLE ESTOPPEL—*Rule Stated.* As a general rule, it is essential to the application of the principle of equitable estoppel that the party claiming to have been influenced by the conduct or declarations of another to his injury was himself not only destitute of knowledge of the state of facts, but was also destitute of any convenient or available means of acquiring such knowledge, and that where the facts are known to both parties, or both have the same means of ascertaining the truth, there can be no estoppel.

Error from Butler district court; C. W. SHINN, judge. Opinion filed December 7, 1901. Division one. Affirmed.

*Leland & Harris*, for plaintiff in error.

*Hamilton & Leydig*, for defendant in error.

The opinion of the court was delivered by

JOHNSTON, J. : This was an action brought by J. A. Hopkins, as sheriff, to recover the balance due on a bid made by the Farm Land Mortgage and Debenture Company at a mortgage sale of real estate.   In a foreclosure proceeding brought by the company named, a judgment for $2150 was given in its favor, which was decreed to be a first lien on the mortgaged premises, and at the same time another judgment against the mortgagors was rendered, for $654.30, which was decreed to be a second lien against the same property. At the sheriff's sale, which was held on October 19, 1897, the company was represented by one of its attorneys who was not familiar with the record of the case or with the amount of the judgment.   Prior to the sale he made inquiry of the under-sheriff, who was in charge of the office, as to the amount of the judgment held by the company, and the costs, as he desired to bid that amount in behalf of the company, and the officer informed him that it was $2838.05. The amount so given included not only the judgment in favor of the company but also the judgment which was the basis of the second lien against the property, Soon afterward the officer proceeded to the front door of the court-house and offered the property for sale in pursuance of notice, and the attorney, relying upon the statements made by the under-sheriff as being the amount of the company's claim, made a bid of $2838.05, and, there being no higher bid, it was struck off to the company.   At that time there was due to the company under the foreclosure judgment $2150, with some accrued interest and the costs.   Subsequently the company paid the costs, and the sheriff executed to it a deed of the property.   At the time of

the delivery of the deed no demand was made upon the purchaser to pay the difference between its judgment and the amount of the bid, but several months afterward a demand was made, and upon a refusal the present action was brought.

It was contended in the court below that the erroneous statement made by the sheriff as to the amount of the company's claim, and the delivery of a deed without demanding the excess of the bid over the plaintiff's claim, forever estops him from claiming such excess. It was held that the rule of estoppel invoked was not applicable, and judgment was given in favor of plaintiff below.

Although the error may be an expensive one to the company, we can find no ground to reverse the judgment or to award the equitable relief which is asked. The sale was open and public. A bid for a definite sum was made and accepted. The sale was reported to the court and confirmed. No objection was made to the proceeding, nor was there any attempt to set aside the sale. The holder of the second lien had a right to rely upon that bid for the payment of his judgment and the discharge of his lien. Bids are supposed to be based upon the value of property offered for sale rather than upon the extent of the liens existing against it. It was not the duty of the sheriff to inform the judgment creditor of the amount of its judgment, nor did he have any better means of knowledge than the company itself. Presumably a judgment creditor knows the amount of his judgment better than any one else, unless it is the judgment debtor, and has as good an opportunity to know and is as much chargeable with knowledge of the amount as the sheriff, who gets his information from the clerk of the district court. It is conceded that the sheriff

did not intentionally deceive the purchaser, but erroneously gave the amount of both judgments for which the land was to be sold instead of the single one, about which inquiry was made. The, amount of the judgment, interest and costs was a matter of record in the office of the clerk of the district court, only a few steps from the place where the inquiry was made of the sheriff. That was the source of the sheriff's information, and the company, even if it were destitute of information as to its own judgment, had the same means of ascertaining the facts as he had. There are, at least, two reasons why the equitable doctrine invoked by the company cannot be applied here, and one is that it might operate injuriously upon the owner of the judgment which was declared a second lien upon the premises, and the other is the knowledge, or the means of knowledge, of the company setting up the estoppel.

"It may be stated as a general rule that it is essential to the application of the principle of equitable estoppel that the party claiming to have been influenced by the conduct or declarations of another to his injury, was himself not only destitute of knowledge of the state of the facts, but was also destitute of any convenient and available means of acquiring such knowledge ; and that, where the facts are known to both parties, or both have the same means of ascertaining the truth, there can be no estoppel." (11 A. & E. Encycl. of L., 2d ed., 434; *Clark v. Coolidge*, 8 Kan. 189.)

Here there was no design by the sheriff to deceive, and there was no obligation resting upon legal duty to obtain and give information to the company. A mistake of fact was made, it is true; but before equitable relief can be afforded it must appear that the fact was not only not known to the party, but that

it was one which he could not by reasonable diligence have ascertained.   Negligence often weakens a claim for equitable relief, and the general rule is that, where a party neglects to avail himself of the means of in- mation and to ascertain facts upon which his claim is based, where it is as much his duty as that of the party with whom he deals to know the facts, equity will not relieve against his own negligence. ( *Graham v. Berryman*, 19 N. J. Eq. 29 : 1 Story, Eq. Juris. § 146.)

The judgment is affirmed.

DOSTER, C. J., SMITH, ELLIS, JJ., concurring.