Points Decided.

(June 15, 1905.)

# EASTWOOD v. STANDARD MINES AND MILLING CO.

[81 Pac. 382.]

MINER'S LIEN—RECORD TITLE TO MINES—TRUE OWNER ESTOPPED BY CONDUCT FROM ASSERTING TITLE—FINDINGS MUST BE LIBERALLY CONSTRUED.

1. Under the recording laws of this state a public record is an available, convenient and ready means of information as to all such questions touching the title to real property as are required to be made a matter of record.

2. As a general rule, a person may rest upon the constructive notice which the record of his title imparts, and he is under no duty or obligation to give any other notice to anyone who assumes to deal with other parties in reference to such property.

3. ID.—He may, as a general proposition, remain silent and passive.

4. On the other hand, whenever he becomes active, his actions, declarations and conduct with reference to his property and the title thereto must not be such as to deceive or mislead a reasonable person dealing with reference thereto or to deter, prevent or dissuade such person from examining the records and learning the true conditions of the title.

5. Where F. gave to a corporation an option to purchase certain mines and mining property, and directed and caused the agent of the company to post a notice on the property, which notice contained the statement that the company was the owner of the mines, and F. knew the contents of such notice and knew that miners and laborers were working in the mines and for the company upon the faith of such notice, and under the belief that they could have a lien on the property for their wages, and F. permitted such notice to remain on the property during all the times the men were so employed, and did not inform them of the true condition of the title, and the men knew that he was cognizant of the notice and its contents, he will be estopped to show his title as a defense to the assertion of their lien.

6. The appellate court will give to the findings of the trial court the most liberal construction the language used will permit in order to sustain a judgment founded thereon.

(Syllabus by the court.)

APPEAL from District Court in and for Blaine County. Honorable Lyttleton Price, Judge.

McFadden & Brodhead, for Appellant.

This case involves a question of equitable estoppel in relation to the title to real estate, that defendant is estopped from disproving the facts stated in the notice, and therefore his property is liable. An estoppel *in pais* in respect to the title to real estate cannot arise from mere silence, where the party asserting the estoppel was acquainted with the true state of the title, or had equal means with the other party of ascertaining it, as where there was a duly recorded deed. This doctrine of estoppel *in pais*, or equitable estoppel, is based upon a fraudulent purpose and a fraudulent result. If, therefore, the element of fraud is wanting, there is no estoppel. (2 Story's Equity, 1543; *Brant v. Virginia Coal Co.,* 93 U. S. 327, 23 L. ed. 929; *Clark v. Parsons,* 69 N. H. 147, 76 Am. St. Rep. 157, 39 Atl. 899.) It is frequently laid down as a general proposition that to constitute an estoppel it must be shown that the person sought to be estopped has made an admission or done an act with the intention of influencing the conduct of another, inconsistent with the evidence he proposes to give or the title he proposes to set up. (11 Ency. of Law, 431; *Beals v. Cone,* 27 Colo. 473, 83 Am. St. Rep. 92, 62 Pac. 948; *Brant v. Virginia Coal Co.,* 93 U. S. 327, 23 L. ed. 927; *Lux v. Haggin,* 69 Cal. 367, 10 Pac. 674; *Murphy v. Clayton,* 113 Cal. 160, 46 Pac. 267; *Brigham Young Trust Co. v. Wagener,* 12 Utah, 1, 40 Pac. 764; *Leland v. Isenbeck,* 1 Idaho, 475; *Steel v. Smelting Co.,* 106 U. S. 447, 1 Sup. Ct. Rep. 389, 27 L. ed. 226; *Sturm v. Baker,* 150 U. S. 312, 14 Sup. Ct. Rep. 99, 37 L. ed. 1093; *Ferris v. Coover,* 10 Cal. 589; *Stockman v. Riverside,* 64 Cal. 57, 28 Pac. 116; *Raynor v. Drew,* 72 Cal. 307, 13 Pac. 866; *Boggs v. Merced,* 14 Cal. 279; *Kelly v. Taylor,* 23 Cal. 15; *Carpenter v. Thirston,* 24 Cal. 268; *Maine Boys' Tunnel Co. v. Boston Co.,* 37 Cal. 50; *Hill v. Den,* 54 Cal. 6; *Murphy v. Clayton, supra; Campbell v. Jacobson,* 145 Ill. 389, 34 N. E. 39; *Rice v. Dewey,* 54 Barb. (N. Y.) 455; *Frazee v. Frazee,* 79 Md. 30, 28 Atl. 1105; *Breeze v. Brooks,* 97 Cal. 72, 31 Pac. 742, 22 L. R. A. 77; *Smith v. Caldwell,* 22 Mont. 331, 56 Pac. 590; *McMaster v. President etc. of Ins. Co.,* 55 N. Y. 223, 14 Am. Rep. 239; 3 Kerr on Real Property, p. 2302.)

Sullivan & Sullivan, for Respondents.

Plaintiffs have even gone further than required to establish an estoppel, and have in their complaint a strong allegation that Finney and Fleming stood by and suffered the plaintiffs to work on the claims on the supposition that the company was the owner as stated in the notices posted at the mine, and knowingly looked on and suffered another to procure them to labor under an erroneous opinion of the title, without making known their ownership and thereby creating a belief in plaintiff's minds that another was the owner. (Bigelow on Estoppel, 503; *Mead v. Bunn*, 32 N. Y. 280; *Knouff v. Thompson*, 16 Pa. St. 364; *McMaster v. President etc. of Ins. Co.*, 55 N. Y. 222, 14 Am. Rep. 239.) It appears, however, to be the prevailing rule that it is not essential that the conduct creating the estoppel should be characterized by an actual intention to mislead and deceive. If, whatever a man's real intention may be, he so conducts himself that a reasonable man would take the act or representation to be true, and believe that it was meant that he should act upon it, and he did act upon it, as true, the party making the representation will be precluded from contesting its truth. Negligence, when there is a duty cast upon the person to disclose the truth, may supply the place of the intent where the effect of such negligence is to work a fraud on the party setting up the estoppel. This rule applies where the estoppel arises from silence as well as where it arises from positive conduct or representation. (11 Am. & Eng. Ency. of Law, 432; *Preston v. Mann*, 25 Conn. 128; *Morgan v. Chicago etc. R. Co.*, 96 U. S. 716, 24 L. ed. 745.) Estoppel proceeds upon the ground of fraud or culpable silence, which are facts for the jury and not matters of legal construction by the court. (*Gunn v. Bates*, 6 Cal. 264; *Stevens v. Ludlum*, 46 Minn. 160, 24 Am. St. Rep. 210, 48 N. W. 771, 13 L. R. A. 270.) A party who negligently or culpably stands by and allows another to contract on the faith and understanding of a fact which he can contradict cannot afterward dispute that fact in an action against the person whom he

himself assisted in deceiving. (Bigelow on Estoppel, 492; *Town of Brookhaven v. Smith,* 118 N. Y. 634, 23 N. E. 1002, 7 L. R. A. 755; *Thompson v. Simpson,* 128 N. Y. 270, 28 N. E. 627; *Horn v. Cole,* 51 N. H. 287, 12 Am. Rep. 111; *Mitchell v. Reed,* 9 Cal. 205, 70 Am. Dec. 647.) When one of two innocent persons—that is, persons each guiltless of an intentional, moral wrong—must suffer a loss, it must be borne by that one of them who, by his conduct, act or admissions has rendered the injury possible. (See long list of authorities given in note to *Galbraith v. Lunsford,* 87 Tenn. 89, 9 S. W. 365, 1 L. R. A. 522; *Dolbeer v. Livingston,* 100 Cal. 617, 35 Pac. 328.) If a man knowingly, although he does it passively, by looking on, suffers another to purchase and expend money on land, under an erroneous opinion of title, without making known his own claim, he shall not afterward be permitted to exercise his legal right against such person. (*Kirk v. Hamilton,* 102 U. S. 68, 26 L. ed. 79; 3 Washburn on Real Property, p. 82; see numerous authorities cited in note; *Town of Brookhaven v. Smith,* 118 N. Y. 634, 23 N. E. 1002, 7 L. R. A. 756; *Snodgrass v. Ricketts,* 13 Cal. 360; *Bryan v. Ramirez,* 8 Cal. 462, 68 Am. Dec. 340; *Wendell v. Van Rensselaer,* 1 Johns. Ch. 344; *Godefroy v. Caldwell,* 2 Cal. 489, 56 Am. Dec. 360 (see, also, long line of authorities in California Notes to this case); *Storrs v. Barker,* 6 John. Ch. 166; *Brewster v. Baker,* 16 Barb. 613; *Hicks v. Cram,* 17 Vt. 449; 11 Am. & Eng. Ency. of Law, 429; Phillips on Mechanics' Liens, sec. 75; Bigelow on Estoppel, 479; *Anderson v. Armstead,* 69 Ill. 452; *Bronson's Executor v. Campbell,* 79 U. S. 681, 20 L. ed. 436; *Hostler v. Hays,* 3 Cal. 303; 11 Am. & Eng. Ency. of Law, 422.) He who, by his language or conduct, leads another to do what he would not otherwise have done, shall not subject such person to loss or injury by disappointing the expectations upon which he acted. Such a change of position is sternly forbidden. It involves fraud and falsehood, and the law abhors both. (*Dickerson v. Colgrove,* 100 U. S. 578, 25 L. ed. 619; *Dolbeer v. Livingston,* 100 Cal. 617, 35 Pac. 328; *Carpy v. Dowdell,* 115 Cal. 677, 47 Pac. 695; *Swain v. Seamens,* 76 U. S. 254, 19 L. ed. 554.) A party

may, by his declarations and conduct, and even by his silence
or negative omission of act, estop himself from declaring his
right where such claim would operate to the injury of another.
(*Trenton Bkg. Co. v. Duncan,* 86 N. Y. 221.   See list of
authorities in note to *Bates v. Cobb,* 13 Am. St. Rep. 749.)
A court will refuse its aid to one who remains silent when
duty, candor and fair dealing require him to speak out.
(*Ross v. Elizabethtown etc. R. Co.,* 1 Green (2 N. J. Eq.)
422; *Hall v. Fisher,* 9 Barb. 17; *Clark v. Kerbey,* 18 Utah,
258, 55 Pac. 372; 2 Herman on Estoppel, secs. 937-939;
Bigelow on Estoppel, 493; 11 Am. & Eng. Ency. of Law,
428.)   If the holder of legal title to land stands by and sees
a contract made by the party in possession for work upon
the same by a mechanic, without disclosing his title or claim,
he will be estopped from setting up his legal title to defeat
the lien of the mechanic.   (*Donaldson v. Holmes,* 23 Ill. 85;
*Schwartz v. Saunders,* 46 Ill. 18; *Anderson v. Armstead,* 69
Ill. 452; Phillips on Mechanics' Liens, sec. 75; *Higgins v.
Ferguson,* 14 Ill. 268.)

## STATEMENT OF FACTS.

The plaintiffs filed miners' liens, and this action was in-
stituted to foreclose the same.   The Standard Mines and Mill-
ing Company, a corporation, appears to have been working
and operating the mines under an option to purchase, and
after working them for some months they allowed their option
to lapse.   William Finney and John Fleming were the owners
of the property.   The plaintiffs sought by their complaint
and proofs to estop Finney and Fleming from setting up the
fact that they were the true owners of the property, on the
grounds that their action and conduct in relation to the prop-
erty and toward the plaintiffs had been such as to estop and
preclude them from setting up their true relation to the prop-
erty and the fact that they were the owners thereof.   The
case was tried before the court and special issues were sub-
mitted to a jury.   A nonsuit was granted as to the defend-
ant Finney, but the court found against the defendant Flem-
ing, who is the appellant in this case.   Upon the issue of es-

toppel the court finds as follows: "6. That the said Standard Mines and Milling Company held itself out to each and every of these plaintiffs as the owner of said mining claims, with the full knowledge and consent of the defendant, John Fleming, and posted notices in public and conspicuous places on said mining claims, where they could be easily seen, and at and near the place where said plaintiffs performed said labor, which said notices contained, among other things, a statement that said Standard Mines and Milling Company was the owner of said mining claims, and that there were no encumbrances on said mining claims; that said defendant Fleming allowed said notices to remain so posted as aforesaid during all the time said plaintiffs performed the work and labor aforesaid; that said notices were so posted as aforesaid with the full knowledge and consent of the defendant Fleming; that the plaintiffs read said notices before, at and during the time they performed said labor, and fully relied upon the statements contained therein and upon the actions and conduct of said Fleming, and that plaintiffs performed said labor believing the facts stated in said notices to be true; and that the defendant Fleming knew the contents of said notices and knowingly stood by and suffered said labor to be performed by the plaintiffs under the belief that said Standard Mines and Milling Company was the owner of said mining claims, as stated in said notices; that the defendant Fleming was at all times mentioned in the complaint apprised of the true state of his own title in said mining claims; that the records of Blaine county, at all times during the periods during which plaintiffs worked on said property, showed the true state of title of said mining claims, and showed that the Standard company, defendant, only had an option thereto.

"7. That the defendant Fleming knew the contents of said notices, and his conduct in not informing the plaintiffs of the true state of title to *said mining claims was such as to deceive them into the belief that they could recover their wages from the property itself by lien or otherwise.*

"8. That the plaintiffs had no actual knowledge of the true state of title in and to said mining claims, and no means convenient or available of obtaining the information that said Finney and Fleming were the owners of said mining claims other than the public records of Blaine county, and had no information sufficient to put them on inquiry as to whether or not Finney and Fleming were the owners of said mining claims.

"9. That it was not the purpose of the defendant Fleming, in requiring and causing Child, the agent of the Standard Mines and Milling Company, to post a notice on the claims referred to, to deceive the men working for said company.

"10. That the mining claims upon which plaintiffs performed said labor are situated about forty-five miles from Hailey, and about fourteen miles from Soldier; that there was a heavy fall of snow during the winter when plaintiffs performed said labor; that the roads were not broken for a portion of the way between said mines and Soldier, and that snow-shoes had to be used part way in going to and from Soldier; that there is a daily communication by mail between Hailey and Soldier, except for a few days at a time during heavy snows, and also a continuous telephone service; that during the winter parties interested in the mines had made trips from Soldier to the mines and from the mines to Soldier."

Judgment was thereupon entered in favor of the plaintiffs and against the defendant Fleming for a foreclosure sale of his half interest in the property in payment of the liens. Fleming appealed from the judgment. Affirmed.

AILSHIE, J. (After Making Statement.)—Fleming, the appellant, relies upon the insufficiency of the findings to support the judgment allowing a lien against his property. It is very plausibly argued by his counsel that since the court found that appellant's title was a matter of record, as appeared by the official records of the county, that such finding contradicts the findings to the effect that his actions and conduct in not notifying the plaintiffs of his title was such as to deceive

them into believing that the Standard Mines and Milling Company was the true owner. It is also argued that such finding contradicts and refutes the finding that plaintiffs had "no convenient or available means" of informing themselves as to the true state of the title to these mines and mining claims. It is the general and prevailing rule of law, we think, that under the modern registration and recording laws a public record is an available, convenient and ready means of information as to all such questions touching the title to real property as are required to be made a matter of record. (*Farm Land Mortgage etc. Co. v. Hopkins,* 63 Kan. 678, 66 Pac. 1015; *Brant v. Virginia Coal etc. Co.,* 93 U. S. 326, 23 L. ed. 927; *Bradley v. Gelkinson,* 57 Iowa, 300, 10 N. W. 743; *Clark v. Parsons,* 69 N. H. 147, 76 Am. St. Rep. 157, 39 Atl. 899; *Thor v. Oleson,* 125 Ill. 365, 17 N. E. 780.)

Professor Bigelow in his text on Estoppel, as found in 16 Cyc. 738, says: "A public record is an available means of information as to questions of title, and one who does not take advantage of it cannot claim estoppel against one who merely fails to furnish such information. There are, however, cases in which the representation, by actively misleading the person setting up the estoppel and preventing him from having recourse to available means of information, has been held to excuse his failure to inform himself of the facts, even in the case of constructive notice by a matter of record." It seems to be in harmony with the trend of authority to say that a person may rest upon the constructive notice which the record of his title imparts, and that he is under no duty or obligation to give any other notice to anyone who assumes to deal with other parties in reference to such property. He may remain silent and passive. (11 Am. & Eng. Ency. of Law, 2d ed., 435; *Porter v. Wheeler,* 105 Ala. 451, 17 South. 221; Bigelow on Estoppel, 594; *Campbell v. Jacobson,* 145 Ill. 389, 34 N. E. 39; *McCormack v. James,* 36 Fed. 14; *Frazee v. Frazee,* 79 Md. 27, 28 Atl. 1105; *Thor v. Oleson, supra; Dameron v. Jamison,* 143 Mo. 483, 45 S. W. 258; *Griswold v. Boley,* 1 Mont. 345.) But so soon as he becomes active, his actions, declarations and conduct with reference to the

title must not be such as to deceive or mislead a reasonable person, or deter, prevent, or dissuade him from examining the record and learning the true condition of the title. (*Robbins v. Moore,* 129 Ill. 30, 21 N. E. 934; *Graham v. Thompson,* 55 Ark. 296, 29 Am. St. Rep. 40, 18 S. W. 58; *Knouff v. Thompson,* 16 Pa. St. 357; Bigelow on Estoppel, 4th ed., 547-553; *Morris v. Herndon,* 113 N. C. 236, 18 S. E. 203; *Birch v. Steppler,* 11 Colo. 400, 18 Pac. 530; *Eickelberg v. Soper,* 1 S. Dak. 565, 47 N. W. 953.) And if his conduct be such as to amount to a fraud upon one dealing with or in reference to the property, the one to whom such conduct is imputable will be estopped from thereafter asserting title in himself contrary to his previous declarations, action or conduct. In this case the court found that the appellant had not merely been *silent* and *passive,* but that he had required and caused the notice to be posted by the agent of the company, and that the same was done with his "full knowledge and consent," and that "Fleming knew the contents of said notice, and knowingly stood by and suffered said labor to be performed by the plaintiffs," and that his "conduct in not informing the plaintiffs of the true state of title to said mining claims was such as to deceive them into the belief that they could recover their wages from the property itself by lien or otherwise."

If we should understand from these findings that the appellant simply remained silent, knowing that the plaintiff were working upon the property, without either informing them as to his title or making any statement or representation in the premises or performing any act that would mislead them, then we should undoubtedly hold that the findings are not sufficient to estop the appellant from asserting his title in this case. But it is our duty to give to the findings the most liberal construction the language used will justify in order to sustain the judgment founded thereon. (*Breeze v. Brooks,* 97 Cal. 72, 31 Pac. 742, 22 L. R. A. 256, 257; *Warren v. Hopkins,* 110 Cal. 506, 42 Pac. 986; *People's Home Sav. Bank v. Rickard,* 139 Cal. 285, 73 Pac. 858; *Paine v. San Bernardino Valley Trac. Co.,* 143 Cal. 654, 77 Pac. 659.) The import

of these findings justifies the conclusion that the appellant ordered or directed the posting of this notice upon the mines, and that when doing so he knew the contents of the notice and knew that it was therein stated that the property belonged to the Standard Mines and Milling Company, and that he allowed such notice to remain posted upon the property during all the time plaintiffs were employed therein, and knew that plaintiffs were relying upon the statements contained in such notice. If he did these things, which we infer from the findings, then he should be estopped from denying the truth of them now.

The evidence is not before us, and we must therefore assume that it, in all respects, supports the findings.

It follows from what has been said that the judgment must be affirmed, and it is so ordered. Costs awarded to respondents.

Stockslager, C. J., and Sullivan, J., concur.