[No. 8,851.   Department One.—March 31, 1885.]
U. GROSSINI, RESPONDENT, *v.* GIUSEPPE PERAZZO ET
AL., APPELLANTS.   A. DANERI ET AL., INTERVENORS AND
RESPONDENTS.

ACCOUNTING—PARTNERSHIP—INTERVENTION BY CREDITORS.—In an action
of accounting between partners, firm creditors may join in an intervention,
for the purpose of sharing in a fund in the hands of one of the partners,
resulting from a fraudulent sale by him of the firm property.

ID.—FINDINGS.—No finding is necessary on an averment in a complaint
of intervention which is not denied by the answer.

APPEAL from a judgment of the Superior Court of the city
and county of San Francisco.

The action was brought to obtain an accounting between
partners.   The creditors of the partnership filed a complaint of
intervention therein, for the purpose of reaching the proceeds
resulting from a fraudulent sale of the firm property by the de-
fendant.   Judgment was rendered in favor of the intervenors.
The further facts are sufficiently stated in the opinion of the
court.

*L. Quint,* and *E. D. Sawyer,* for Appellants.

*Tilden & Tilden,* for Plaintiff and Respondent.

*W. H. Payson,* for Intervenors and Respondents.

McKINSTRY, J.—1.   The appellant contends that the demur-
rer to the complaint of intervention, on the ground of misjoin-
der of causes of action, should have been sustained.   The plain-
tiff brought his action to obtain a decree that Perazzo account
for the value of all the property of the alleged copartnership,
etc.   As creditors of the partnership, the intervenors were in-
terested in the subject matter of the suit adversely to Perazzo,
if, as alleged, he had fraudulently caused the partnership prop-
erty to be dissipated, or placed beyond the reach of the part-
nership creditors, by a sale of it, the proceeds of which he ap-
propriated.   Perazzo's liability was not limited by the amount
which the property brought at the sale, but extended to an
amount equal to the value of the property.   Yet the proceeds
of the sale, or such proceeds with an additional sum which

would make an amount equal to the value of the property, were to be treated by a court of equity as a fund in his hands, in which the creditors of the partnership were beneficially interested. True, each of the intervenors had a separate claim to the extent of the partnership indebtedness to him; but as Perazzo was not individually liable to any one or all of them beyond the amount of the fund in his hands, they had a common interest in the fund, which Perazzo had become liable to distribute as the result of his fraudulent conduct, and which a court of equity might very properly distribute without a separate application by each of the intervening creditors.

2. Appellant points out that there was no finding by the court below that plaintiffs or defendants are insolvent. But there is an averment in the complaint of intervention "that said firm have no other property, and said partners are each of them insolvent," etc., which is not denied by the answer.

3. As to the statute of limitations, the intervention was not demurred to on the ground that the limitation had run. The court below found adversely to defendant, appealing upon the issue as to the statute, and the evidence is not before us.

Judgment affirmed.

McKEE, J., and Ross, J., concurred.