[No. 8497. Department Two. — October 22, 1885.]

## A. WALKER, APPELLANT, v. H. BREM, RESPONDENT.

FINDINGS — FACTS IN ISSUE — ADMISSIONS. — Findings should be limited to the facts put in issue by the pleadings, and are not required as to admitted facts. If, however, findings are made upon the admitted facts, they must be in harmony with such facts.

ID. — The findings reviewed, and *held* to be in conflict with admissions in the answer.

APPEAL from a judgment of the Superior Court of Stanislaus County.

The action was brought to recover the possession of certain land. The further facts are stated in the opinion.

*Wright & Hazen*, for Appellant.

*W. E. Turner*, for Respondent.

BELCHER, C. C. — 1. The demurrer to the answer was properly overruled. The answer denied the plaintiff's ownership or right to the possession of the land sued for "save and except as hereinafter set forth," and then set up an equitable defense. It stated facts sufficient to constitute a defense, and as a whole was not ambiguous, uncertain, or unintelligible.

2. The findings do not meet the issues raised by the pleadings.

The answer alleges a mistake in drawing the deed from the plaintiff to the defendant, whereby the land here sued for was excepted from its operation, when, according to the agreement of the parties, there was to be and should have been, only a reservation of a temporary right of way over it. The answer admits that the title to the land in controversy is still in the plaintiff, and asks that the deed be reformed so as to express the real agreement between the parties to it at the time of its execution.

If a mistake was made in drawing the deed, as alleged, that fact should have been found in clear and unmistakable language, and being found would have constituted a defense to the action, whether the court went further and actually reformed the deed or not. (*Hoppough* v. *Struble,* 60 N. Y. 430.)

But the finding was only that "it was agreed at the time of the sale by the plaintiff to the defendant that so long as the plaintiff maintained and run said ferry, he should have the right of way across said corner of said land, for a road to and from his ferry landing to a point intersecting the county road, and the reservation clause in said deed as set forth in finding No. 2, was inserted for the sole purpose of reserving to plaintiff the said right of way free from all let or hindrance from this defendant whilst the plaintiff maintained and run said ferry."

It was then found, "that since the 13th day of March, 1878, plaintiff has not been the owner of or seized in fee of the premises described in plaintiff's complaint, or any part thereof, and since the ——— day of March, 1879, has not been in possession of, or entitled to the possession of said described premises, or any part thereof"; and as conclusions of law, "that the deed of conveyance from plaintiff to defendant, as set forth in finding No. 2, conveyed the absolute title of all the lands in said deed described, and that the reservation clause as set forth in finding No. 2 did not reserve in plaintiff the legal title to any portion of said described premises, nor did it entitle him to possession of any portion of said described premises, save and except during such time as he, plaintiff, was maintaining and running a public ferry as established and maintained at the time of the sale from plaintiff to defendant."

Findings should be confined to the facts put in issue by the pleadings, and upon such facts as are admitted by the pleadings

no findings are required. If, however, findings are made upon admitted facts, they should be in harmony with the facts as admitted and not in conflict with them. "A finding which negatives the existence of a fact admitted by the pleadings is a finding against evidence, and the judgment rendered thereon is erroneous." (*Silvey* v. *Neary*, 59 Cal. 97.)

Here there is no direct and clear finding as to the mistake alleged, and the finding and conclusion as to the operation and effect of the deed are in direct conflict with the admissions in the answer.

It follows that the judgment must be reversed.

SEARLS, C., and FOOTE, C., concurred.

The COURT.—For the reasons given in the foregoing opinion the judgment is reversed.