## Morris Rosenbaum et al.
### v.
## C. J. Kershaw et al.

*Partnerships—Dissolution—Insolvency.*

1.   Without a statute to authorize it, a court of equity does not, upon a foreclosure of a mortgage, make a personal decree for any deficiency against the mortgagor.

2.   An order appointing a receiver is on behalf of all the parties in a given case.

3.   To give a court of equity jurisdiction on the ground of preventing a multiplicity of suits, something more than a mere indebtedness to a great many different persons on disconnected causes of action, is necessary.

4.   Individual liabilities of the members of a firm to the creditors thereof, do not constitute firm assets.

5.   If the property of an insolvent firm has been fraudulently transferred, the receiver is the proper party to pursue it, and if he neglects his duty, application can be made by creditors for a change of receivers.

6.   Upon a bill filed for an accounting by a member of a given firm and a distribution among its creditors of the assets thereof, certain creditors filing a cross-bill alleging that persons named were members thereof, that the firm was insolvent, that the partners had individual assets in excess of their individual debts, and that they had made fraudulent transfers of firm and individual assets, this court holds that said cross-bill is without precedent or warrant in the principles governing proceedings in equity, and declines to interfere with a decree dismissing the same.

[Opinion filed December 7, 1888.]

Appeal from the Superior Court of Cook County; the Hon. Egbert Jamieson, Judge, presiding.

Messrs. Edwin Walker and Kraus, Mayer & Stein, for appellants.

Messrs. Swift & Campbell, for American Exchange National Bank and Alexander L. Dewar.

Mr. N. M. Jones, for Charles B. Eggleston and other appellees.

GARY, J.   June 20, 1887, Kershaw filed his bill for an accounting, etc., and a distribution among the creditors of the assets of the firm of C. J. Kershaw & Co., alleging that the firm was composed of himself and Hamilton Dewar as general partners, and Charles B. Eggleston as a special partner. The appellants, composed of fifty-four persons or firms, who claim to be creditors at large of the firm, were, on their own petition, admitted as defendants in the cause, and on the 15th of July, filed their cross-bill, alleging that Eggleston was a general, not a special partner, and that Charles E. Moseley was also a partner, and charging that the firm was insolvent; that the partners had individual assets, greatly in excess of their individual debts; that they had made fraudulent transfers of the firm, and their individual assets, making Moseley and the alleged fraudulent grantees, as well as Kershaw, Eggleston and Hamilton Dewar, defendants, and praying special and general relief.

The ostensible purpose of the original bill was the dissolution of the firm of C. J. Kershaw & Co., and the distribution of its assets ratably among its creditors. The cross-bill is without precedent or warrant in the principles governing proceedings in equity.

The brief of the appellants seems to be made upon the theory that every case in which a cross-bill has been, under any circumstances, sustained, is an authority for sustaining this one.

If Moseley was a partner, and Eggleston a general, and not a special partner, their individual liabilities to the creditors of the firm were not firm assets. Wallace v. Milligan, 110 Ind. 498.

The complaint in that case under the code in that State, was substantially the same as the general bill in this, and the indebtedness of the individual partners to the firm was treated as firm assets. Three of the creditors, on an intervening petition, obtained an order authorizing the receiver, on behalf of all the firm creditors, to collect from the assignee (under a voluntary assignment under a law of that State) of one of the partners who was not indebted to the firm, the surplus

remaining in the hands of such assignee, after the individual debts of that partner were paid.

It is true that the case was embarrassed by the fact that the proceedings upon the complaint, and the administration of the estate of the individual partner under his assignment, were in different courts; but the court declared (p. 506) "that neither the receiver, nor the court that appointed him, had anything to do with any property, except assets of the partnership."

In accord with that case is Grossini v. Perazzo, 66 Cal. 545, cited by appellants, which holds that where one partner of an insolvent firm "had fraudulently caused the partnership property to be dissipated or placed beyond the reach of the partnership creditors, by the sale of it, the proceeds of which he appropriated," creditors might intervene in a suit between the partners for an accounting, and in which, doubtless, though the report does not state it, a part of the relief sought was a distribution of the assets among the creditors, and hold that partner to an account for such proceeds.

This case is no authority that in such a suit, creditors can enforce the individual liability of the copartners to the creditors of the firm. In such a suit, a personal judgment against the partners, in favor of the creditors, "is foreign to the purpose of the suit." Seligman v. Kalkman, 17 Cal. 153.

Without a statute to authorize it, a court of equity does not, upon a foreclosure of a mortgage, make a personal decree for any deficiency against the mortgagor. Dunkle v. Van Buren, 3 John. Ch. 330; Weightman v. Gray, 10 Rich. Eq. (So. Car.) 518. The case of Lund v. Skanes Enskelda Bank, 96 Ill. 181, is an authority conclusive against the appellants.

The original bill there, was filed against the assignee of an insolvent firm by the Skanes Enskelda Bank, claiming to be a creditor of the firm, and by an amendment bringing in all the other creditors. These filed a cross-bill alleging that the bank was not a creditor of, but a partner with, the insolvents, and asking for a decree against the bank for any deficiency, etc. It was dismissed on demurrer. The court say: "The subject of the original bill was the proper disposition of the proceeds arising from the partnership property in the hands

of the assignee, and that bill related alone to the disposition
of that property. * * * The appellants were brought in
as creditors to enable them to protect their interests only in
so far as they related to the disposition of the property in the
hands of the assignee. The cross-bill in the relief sought, has
no relation whatever to the disposition of this fund in the
hands of the assignee, but relates to a matter entirely inde-
pendent and different." This was a case where, if ever, the
rule that " when a court of chancery obtains jurisdiction of
the subject-matter of a suit, it will retain jurisdiction thereof,
to the end that complete justice ·may be done" (appellant's
brief, p. 25), should have been strained to its utmost extent.
The assets of an insolvent firm in the hands of an assignee, a
foreign corporation, four thousand miles away, comes into
court for a distribution of the assets of the insolvents, and
voluntarily brings into court the home creditors. The foreign
corporation is, instead of a creditor of (for the demurrer
admits the truth of the allegation), a partner with the insolv-
ents. The creditors, who can get no service upon this corpo-
ration, who are entitled to payment of their debts by it, who
have been brought into court by it, are turned away practi-
cally remediless. The appellant not being entitled to a per-
sonal decree against the partners, it would be absurd to say
they might pursue grantees of one of the partners, to reach
his private property, even if the rule that a creditor must
exhaust, generally, his remedy at law, before equity will help
him, were out of the way.

If any firm property has been fraudulently transferred, and
can be reached at all in this suit, the receiver is the proper
party to pursue it, (High on Receivers, Sec. 205,) and if he
neglects his duty, the appellants can apply to the court for a
change of receivers.

A cross-bill is not necessary to any issue appellants might
wish to make, on any of the allegations of the original bill,
but only for affirmative relief, and therefore there was no
need of a cross-bill to prevent a decree that the firm was com-
posed of only three persons, one of whom was a special part-
ner. No authority has been cited by appellant that it is good

Rosenbaum v. Kershaw.

ground for a cross-bill that otherwise the original might be dismissed; and leave to dismiss a bill for distributing assets, will not be granted after an order which gives them an interest in the sale, without the consent of those entitled to share in the fund. 1 Dan. Chy. 794; Updike v. Doyle, 7 R. I. 446. An order appointing a receiver is on behalf of all the parties. Jackson v. Lahee, 114 Ill. 287 ; 2 Dan. Chy. 1740.

To give a court of equity jurisdiction on the ground of preventing a multiplicity of suits, something more than a mere indebtedness to a great many different persons, on disconnected causes of action, is necessary.

There is no error in the decree of the Superior Court dismissing the cross-bill, and it is therefore affirmed.

*Decree affirmed.*