(December 18, 1907.)

## GEORGE W. WILKINSON, Appellant, *v.* J. H. BETHEL, Respondent.

[93 Pac. 27.]

FINDINGS.

1. Under the conditions of the pleadings in this case; *Held*, that the following findings of fact are sufficient to support a judgment of dismissal in favor of defendant: "That plaintiff did not purchase or pay for the 30,000 shares which plaintiff claims defendant holds in trust for him; that the allegations of plaintiff's complaint herein are not supported by the evidence and are untrue; that the allegations of defendant's affirmative defense are proven and true."

(Syllabus by the court.)

APPEAL from the District Court of Second Judicial District for Nez Perce County. Hon. Edgar C. Steele, Judge.

Action to declare a trust. Judgment of dismissal in favor of defendant. Plaintiff appealed. *Affirmed.*

John O. Bender, for Appellant.

It has been held time and again that any finding which is not responsive to the issues made by the pleadings should be disregarded, and that such findings will in no way support or lend any support to the conclusions of law or the judgment in the case. (*Marks v. Sayward*, 50 Cal. 59.)

The material findings of fact made by the court are "that the plaintiff and his father paid the Ozark Mining and Milling Company, Limited, a corporation, $375 for stock and $125 on account of one G. A. Nehrhood; that the father, William J. Wilkinson, received of said stock 50,000 shares and plaintiff 10,000 shares of said stock." These facts, together with the following admission in the answer, "Defendant admits that said corporation issued 40,000 shares of its capital stock to him" are sufficient to support a conclusion of law and judgment that the defendant holds said stock in trust

for the plaintiff.  Furthermore, these facts cover all of the issues under the pleadings and were the only facts which the court should have found.  (*Standley v. Flint,* 10 Idaho, 629, 79 Pac. 815.)

"Findings of fact that all the allegations of the complaint are true, and all the allegations of the answer, so far as they are inconsistent with the allegations of said complaint, are not true, are insufficient to support the judgment." (*Krug v. Lux Brewing Co.,* 129 Cal. 322, 61 Pac. 1125; *Bank of Woodland v. Treadwell,* 55 Cal. 379.)

The findings should be responsive to all the material issues made by the pleadings and should cover all such issues. (*Wood v. Broderson,* 12 Idaho, 190, 85 Pac. 490.)

Daniel Needham, for Respondent.

Appellant takes special exception to the general findings, to wit, "That the allegations of plaintiff's complaint are not supported by the evidence and are untrue," and cites *Krug v. Lux Brewing Co.,* 129 Cal. 322, 61 Pac. 1125.  In that case the court held that such a finding is sufficient, and cites *Williams v. Hall,* 79 Cal. 606, 21 Pac. 965.  (See, also, *Johnson v. Kline,* 70 Cal. 186, 11 Pac. 606.)

In determining whether the findings of fact support the judgment, the findings must receive such construction as will uphold rather than defeat the judgment; and if, from the facts found, other facts may be inferred which support the judgment, it will be assumed that the trial court made the inferences.  (*Paine v. San Bernardino Valley Traction Co.,* 143 Cal. 654, 77 Pac. 659; *Gardner v. Stare,* 136 Cal. xix, 69 Pac. 426; *Beardsley v. Clem,* 137 Cal. 328, 70 Pac. 175.)

AILSHIE, C. J.—This is an appeal from the judgment. The assignments of error go to the sufficiency of the findings to support the judgment.  The only allegation in the complaint is as follows: "That on or about September 20, 1905, plaintiff purchased from the Ozark Mining and Milling Company, Limited, a corporation, fifty thousand shares of its

capital stock and paid the full purchase price therefor, two hundred and fifty dollars, and said corporation issued forty thousand shares of said stock to the defendant and said defendant still holds thirty thousand shares of said stock for the plaintiff.'' To this complaint defendant answered as follows: ''Defendant denies that on or about September 20, 1905, plaintiff purchased from the Ozark Mining and Milling Company, Limited, a corporation, fifty thousand shares of its capital stock, or any other number of shares or at all, or that plaintiff paid the full purchase price therefor, two hundred fifty dollars, or any other purchase price or amount whatever or at all. Defendants admit that said corporation issued forty thousand shares of its capital stock to him. Defendant denies that he, said defendant, still holds thirty thousand shares of said stock for the plaintiff, or that he ever at any time or at all held any stock whatever or at all for the plaintiff. And for a separate and special defense to plaintiff's cause of action, defendant alleges that he is the owner and holder of thirty thousand five hundred shares of the corporation stock of the said Ozark Mining and Milling Company, Limited.''

The cause was tried to the court without a jury, and at the close of the trial the court made and caused to be filed a document entitled ''Judgment of Dismissal,'' the principal portion of which is a recital of facts the court finds from the evidence, ending with the conclusion of law ''that the defendant does not hold thirty thousand shares of the capital stock of the Ozark Mining and Milling Company in trust for plaintiff or otherwise or at all for plaintiff.'' . The greater part of the findings is with reference to some purported agreement or contract that had been entered into between the plaintiff and his father and one G. A. Nehrhood, in regard to the purchase of something like 150,000 shares of the capital stock of the Ozark Mining and Milling Company. None of these findings have the slightest reference to the issues as made by the pleadings (if, indeed, any issues were made by the pleadings). They were outside of the issues entirely and not responsive thereto, and can in no way support the judgment

in this case.   The only findings which in any way refer to or are responsive to the issues are as follows: "That plaintiff did not purchase or pay for the 30,000 shares which plaintiff claims defendant holds in trust for him; that the allegations of plaintiff's complaint herein are not supported by the evidence and are untrue; that the allegations of defendant's affirmative defense are proven and true."

It will be seen at once that the pleadings and findings in this case were rather scant, and it is uncertain as to just what issue was being tried. The evidence is not in the record. We are inclined to think, however, that whatever issues were joined by the pleadings are covered by the foregoing findings of fact. Under the rule as adopted by this court in *Eastwood v. Standard Mines & Milling Company,* 11 Idaho, 195, 81 Pac. 382, that the appellate court will give to the findings of the trial court the most liberal construction consonant with the language employed in order to uphold the judgment, we are inclined to hold that the findings in this case are sufficient to cover whatever issues were made and to support the judgment in favor of the defendant.

Judgment affirmed with costs in favor of respondent.

Sullivan, J., concurs.