(June 27, 1910.)

## FRANK R. FOUCH, Respondent, v. M. A. BATES and PARMA STATE BANK, LTD., Appellants.

[110 Pac. 265.]

MOTION TO STRIKE—ACTION FOR AN ACCOUNTING AND TO QUIET TITLE—PLEADINGS—ISSUES MADE BY—ANSWER—ADMISSIONS IN — FINDINGS OF FACT—SUFFICIENCY OF—JUDGMENT.

(Syllabus by the court.)

1. Under the provisions of subd. 2, sec. 4556, Rev. Codes, all bills of exceptions settled and filed prior to the rendition of judgment become a part of the judgment-roll, and on an appeal from the judgment, under the provisions of sec. 4818, Rev. Codes, become a part of the transcript. However, where a bill of exceptions is a part of the judgment-roll and not relied upon on the appeal, it may be omitted from the transcript by stipulation of counsel, but will not be stricken from the transcript on motion of respondent.

2. There is no necessity for findings upon immaterial issues nor upon facts alleged in the complaint and admitted by the answer.

3. Findings should be of ultimate facts and not of probative facts; but a finding of probative facts is sufficient if the required ultimate fact necessarily results from the probative facts.

4. *Held*, that a return of a deed by the grantor to the grantee, under the facts of this case, leaves the legal title to the real estate described in the deed in the grantor.

5. *Held*, that the issues tendered by the allegations of the complaint and not denied by the answer in connection with the findings of fact made by the court are sufficient to sustain the judgment.

6. *Held*, that the description of the real estate in the judgment or decree, required to be conveyed by the defendant to the plaintiff, is sufficient.

7. Findings must be liberally construed in support of the judgment.

APPEAL from the District Court of the Seventh Judicial District, for Canyon County. Hon. Ed. L. Bryan, Judge.

Action for an accounting and to quiet title. Judgment for the plaintiff. *Affirmed.*

Griffiths & Griffiths, and Martin & Martin, for Appellants.

"A judgment must be supported by the verdict or findings in the case, and a judgment which goes beyond the verdict is erroneous." (11 Ency. of Pl. & Pr. 904, par. 10; *Richards v. Scott*, 7 Ida. 726, 65 Pac. 433; *Butte Electric Ry. Co. v. Matthews*, 34 Mont. 487, 87 Pac. 460; *Bowman v. Ayres*, 2 Ida. 305, 13 Pac. 346; *Wuchumna Water Co. v. Ragle*, 148 Cal. 759, 84 Pac. 162; *Karren v. Karren*, 25 Utah, 87, 95 Am. St. 815, 69 Pac. 465, 60 L. R. A. 294; *Village of Hailey v. Riley*, 14 Ida. 481, 95 Pac. 686, 17 L. R. A., N. S., 86; *Leggat v. Blomberg*, 15 Ida. 496, 98 Pac. 723; *Ponting v. Isaman*, 7 Ida. 581, 65 Pac. 434.)

The court must find upon all the material issues in the case, and if it fails to do so, the judgment must be reversed. (*Standley v. Flint*, 10 Ida. 629, 79 Pac. 815; *Sandstrom v. Smith*, 12 Ida. 446, 86 Pac. 416; *Brown v. Macey*, 13 Ida. 451, 90 Pac. 339; *Later v. Haywood*, 14 Ida. 45, 93 Pac. 374; *Leggat v. Blomberg*, 15 Ida. 496, 98 Pac. 723; *Wood v. Broderson*, 12 Ida. 190, 85 Pac. 490.)

A judgment must be specific and certain and such that the defendant may readily understand, and be capable of performing. (*Alexander v. Leland*, 1 Ida. 425; 2 Ency. of Pl. & Pr. 933; 23 Cyc. 671, and cases cited.)

The findings of fact upon which the judgment is based must be sufficiently comprehensive, certain and consistent to sustain the judgment, and justify it as a matter of law, and cannot be aided by the evidence. (23 Cyc. 822; 8 Ency. of Pl. & Pr. 941.)

Where the finding of facts is contradictory and uncertain, and the intention of the court cannot be ascertained therefrom, the judgment will be reversed. (*Frederickson v. Deep Creek Irr. Co.*, 15 Ida. 41, 96 Pac. 117; *Whalen v. Stuart*, 194 N. Y. 495, 87 N. E. 819.)

Rice, Thompson & Buckner, and Smith & Scatterday, for Respondent.

Findings should be reconciled and harmonized whenever possible, and should not be declared contradictory except

where absolutely necessary. (*Schultz v. McLane,* 93 Cal. 329, 28 Pac. 1053; *Jacks v. Este,* 139 Cal. 507, 73 Pac. 247; *Heaton-Hobson etc. v. Arper,* 145 Cal. 285, 78 Pac. 721.)

When the facts admitted in the pleadings and findings of fact made by the court sustain the judgment, the judgment will not be set aside because the findings alone do not sustain the judgment. (*Bank v. Lake View Town Co.,* 4 Cal. App. 630, 89 Pac. 360.)

Findings are not necessary when the facts are admitted or denied in the pleadings. (*Fox v. Fox,* 25 Cal. 588; *Burnett v. Stearns,* 33 Cal. 468; *Gruhn v. Stanley,* 92 Cal. 86, 28 Pac. 56; *Walker v. Brem,* 67 Cal. 599, 8 Pac. 320; *Taylor v. Central Pac. R. Co.,* 67 Cal. 615, 8 Pac. 436; *Miller v. Luco,* 80 Cal. 257, 22 Pac. 195.)

The redelivery of a deed by a grantee to the grantor, even with the intention to reinvest the grantor with title, does not reconvey any title to the grantor. (*Zoerb v. Paetz,* 137 Wis. 59, 117 N. W. 793; *Slaughter v. Bernards,* 97 Wis. 184, 72 N. W. 977; *Walker v. Renfro,* 26 Tex. 142; *Bailey v. Campbell,* 82 Ala. 342, 2 So. 646; *Jeffers v. Philo,* 35 Ohio St. 173; *Cranmer v. Porter,* 41 Cal. 462; *Potter v. Adams,* 125 Mo. 118, 46 Am. St. 478, 28 S. W. 490; *Hyne v. Osborne,* 62 Mich. 235, 28 N. W. 821; 9 Am. & Eng. Ency. of Law, 2d ed., 164, and cases there cited; *Miser Gold Min. & Mill. Co. v. Moody,* 37 Colo. 310, 86 Pac. 335.)

SULLIVAN, C. J.—This action was brought for an accounting and to quiet title to certain real estate described in the complaint. After alleging the corporate existence of the Parma State Bank, the complaint alleges that on or about the 31st of August, 1895, the plaintiff conveyed to the defendant Bates, in trust, certain real estate (describing it as per government survey), excepting a tract thereof alleged to have been conveyed to one James B. Mansell, comprising about one acre; also excepting a part of said land conveyed to the Oregon Short Line Railway Co. comprising about one acre; that at the time the said property was so conveyed to the defendant Bates, it was encumbered by a mortgage to the

state of Idaho as security for the payment of the sum of
$2,000; that in the month of October, 1899, the said Bates
and his wife executed and delivered to the plaintiff a deed
reconveying to him said real estate and thereby terminated
said trust; that in the month of February, 1900, the plaintiff
returned said last-mentioned deed to the defendant Bates,
under and by virtue of an oral agreement to the effect that
said defendant Bates should sell portions of the property and
the purchase price obtained therefor should be applied on the
mortgage debt above referred to, and after said mortgage
should have become liquidated, the purchase price of the re-
maining portions of said property to be so sold by the said
Bates was to be divided, two-fifths to Bates and three-fifths
to the plaintiff; that on the 20th of February, 1900, the said
Bates platted a portion of said land as lots and blocks of the
town of Parma, Canyon county; that said Bates filed said
plat with the county recorder of said county; that on or about
the 26th of January, 1901, said Bates platted another portion
of said land as lots and blocks of the said town of Parma
and filed said plat with the county recorder; that numerous
lots of said real estate so platted were sold under said agree-
ment by said Bates and the proceeds were applied to the pay-
ment of said mortgage debt until the mortgage debt was re-
duced to the sum of $250; that in the month of June, 1903,
said Bates and the plaintiff made an oral agreement in regard
to the division of the proceeds of the sale of the then remain-
ing portion of said real estate after said mortgage debt en-
cumbering said property should become liquidated; that after
said debt should be liquidated, it was agreed that the remain-
ing portion of said land sold by Bates was to be divided
equally, one-half received therefor was to be paid to plain-
tiff and Bates was to retain the other half; that under said
agreement Bates paid said mortgage debt and paid to plain-
tiff the sum of $1,100 out of the proceeds of the sale of certain
portions of said real estate; that since the last-mentioned
agreement the defendant Bates has sold other portions of
said real estate, the amount of such sales being unknown to
the plaintiff and the proceeds of which have been retained

by the said Bates and no account of same has been made by him to the plaintiff; that there has been sold by said defendant to various and sundry purchasers certain lots (describing them) of the land so platted; that on the 12th day of November, 1904, the said Bates and his wife executed a deed to the Parma State Bank, one of the defendants, to secure the payment of $4,341.30, and conveyed by said deed a considerable portion of said real estate (describing a part of it by legal subdivisions and a part by lots and blocks); that upon the receipt of said deed by said bank, it executed to said Bates a contract to reconvey the said property upon certain conditions set forth in such agreement, which contract was attached to and made a part of the complaint; that since the execution of said contract said bank has conveyed to divers purchasers portions of said property (describing it by lots and blocks); that the sum of $4,341.30, for the payment of which said property was transferred to the bank, is the debt of the defendant Bates and no part of it the debt of the plaintiff; that the amount still due the plaintiff from the proceeds of the sale of portions of said real estate by Bates under said agreement cannot be stated by plaintiff without an accounting between Bates and the plaintiff; and the prayer is that an accounting be had and that the plaintiff have judgment against Bates for the amount found due; that the plaintiff be adjudged to be the owner of the portion of said property now held by said Bates, and that the title of plaintiff to said property be declared and adjudged good and valid as against Bates; that plaintiff be adjudged to be the owner of that portion of said real estate now held by the Parma State Bank, and that said deed to the bank is a mortgage only; that Bates be required to reconvey to the plaintiff by warranty deed that portion of the property now held by him, and for costs.

The bank did not answer. By the answer of defendant Bates, a number of allegations of the complaint are admitted and others denied. The answer admits the return of the deed alleged to have been returned to the defendant by the plaintiff in January, 1900, but denies that said deed was returned to the defendant under the agreement alleged, and avers that

the plaintiff returned said deed to the defendant for a valuable consideration and with the full intent and purpose of vesting the title to said real estate described therein in the defendant, and that after the delivery of said deed, the plaintiff had no right, title or interest in or to said property or to any part thereof; admits that since the delivery of said deed defendant has sold portions of said property and has paid off a part of the mortgage indebtedness against said property, but denies that the indebtedness was reduced to the sum of $250 or to any sum less than $750; denies that in the month of June, 1904, or at any other time or at all, the plaintiff made a new or any oral agreement, or any agreement whatever, with defendant in regard to the division of the proceeds from the sale of the then remaining portions of said property; denies that defendant agreed that after said mortgage debt was liquidated that the remaining portions of said land should be divided equally between the plaintiff and defendant or in any other manner, or that defendant made any agreement with the plaintiff in regard to the proceeds of said property; denies that he paid said mortgage debt, and avers that a large portion thereof was taken up by executing a new mortgage on said property, which new mortgage remains unpaid; admits that defendant had sold portions of said property and had made no accounting to the plaintiff, and avers that he was under no obligation to account to plaintiff for any portion of the proceeds of the sale of such property.

And for a further answer, alleges that the plaintiff on or about the 31st of August, 1895, conveyed to the defendant the property described in paragraph 2 of the complaint; that said property was encumbered by a mortgage of $2,000, and that defendant reconveyed said property to the plaintiff on the 1st day of May, 1899, by a good and sufficient deed, and that said deed was not placed on record by the plaintiff; that in January, 1900, plaintiff had not paid and discharged said mortgage to the state of Idaho or any part thereof; had failed to pay the taxes assessed against said property, and that said property had been sold to Canyon county for taxes assessed thereon, and that there was an outstanding indebtedness

which was a lien on said property, including the said mort-gage and unpaid taxes, amounting to more than $3,100; that in the month of January, 1900, defendant purchased from the plaintiff said property described in paragraph 2 of plaintiff's. complaint, and the whole thereof, for a valuable consideration, a part of which consideration was that the said defendant would pay and discharge all of the indebtedness which was a lien on said property, and would protect the plaintiff from any deficiency judgment which might be rendered against him on account of said indebtedness; that at the time defendant purchased said property from the plaintiff, instead of plaintiff's executing a conveyance to the defendant therefor, he returned to the defendant the deed theretofore given him. by the plaintiff, and that said deed was returned to the defendant by the plaintiff for the purpose and with the full intention of vesting the title of said property in the defendant and conveying to him all of the rights of the plaintiff to said real estate; that in the summer of 1904, plaintiff stated to the defendant that he was poor and in hard circumstances. and that the defendant had done well with said property, and asked the defendant to give him some money, and that. on account of the relationship and friendship existing be-tween the plaintiff and the defendant at that time the defendant agreed to give plaintiff some money, which should be one-half of the profits on certain lots to be sold, and defendant has since said time given plaintiff certain moneys, but alleges. that the same was a gift and was not paid to the plaintiff on account of any agreement which the plaintiff had with the defendant, and that there was no consideration whatever for defendant's promise in that regard, and prays that plaintiff take nothing by his action.

Upon the issues thus made the court appointed a referee to take the testimony and make full and complete findings. upon the several issues made by the pleadings, which the referee proceeded to do, and made his return to the court. Counsel for appellants excepted to the findings and decision of the referee, and the exceptions were settled in a bill of exceptions by the district judge.

It appears that shortly after said bill of exceptions was settled, Judge Frank J. Smith, who was then the district judge of said court, was succeeded by Hon. Ed. L. Bryan, and instead of passing upon the proceedings and findings of the referee, Judge Bryan disregarded them entirely and proceeded to, and did, retry the case himself. It appears that on such trial witnesses were examined and documentary evidence introduced on behalf of the respective parties, and after hearing all of the evidence so presented, the court made its findings of fact, conclusions of law, and entered judgment whereby it was adjudged that the plaintiff and defendant were each an owner of an undivided one-half interest in and to the real estate described in said judgment; that the conveyance executed by Bates to the Parma State Bank in the form of a warranty deed with an agreement back was a mortgage, and that the $4,341.30 borrowed by Bates from said bank and secured by said mortgage was used for the benefit of said Bates. On the accounting it was also adjudged that the plaintiff was indebted to Bates in the sum of $893.95, and that the plaintiff could satisfy said indebtedness to Bates by paying said amount to the Parma State Bank on said mortgage; and that Bates should convey to said plaintiff an undivided one-half interest in and to the property described in the decree. It was also adjudged that in case the Parma State Bank, after the payment of such $893.95 by plaintiff, should be obliged to resort to the property of the plaintiff to secure the complete satisfaction of said mortgage, then and in that event the plaintiff should have and recover from the defendant Bates whatever amount the bank should recover out of plaintiff's interest in said real estate.

The property described in the decree is as follows, to wit:

"'The southeast quarter of the northwest quarter, the southwest quarter of the northeast quarter, and the north half of the southeast quarter of section nine, in township five north, of range five, west of the Boise Meridian, in Canyon county, Idaho, excepting one lot deeded to James B. Mansell situated in the said southeast quarter of the northwest quarter, containing one acre, more or less, and one tract of land situated

in the said northwest quarter of the southeast quarter deeded to the Oregon Short Line Railroad Company, containing one acre, more or less, and excepting also lots 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11 and 12 of block 27 and lots 1, 2, 3, 4, 5, 6 and 7 of block 26, lots 1, 2, 3, 4, and 5 of block 28, lots 1, 2, 3, 4, 6, 7, 8, 9, 10 and 11 of block 34, lots 4, 5, 6, 8, 9, 10, 11 and 12 of block 35, lots 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11 and 12 of block 37, lots 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11 and 12 of block 38, lots 3, 4, 5, 6, 7, 8, 9, 10, 11 and 12 of block 39, lot 11 in block 33, and lots 7 and 8 in block 31, all of said lots and blocks being situated in the town of Parma as designated by the plat of said townsite now on file in the office of the county recorder of Canyon county, Idaho."

This appeal was taken by Bates; the Parma State Bank did not appeal.

Counsel for respondent has interposed a motion to strike out the bill of exceptions containing the order appointing a referee and the proceedings before the referee, for the reason that said bill of exceptions is not relied upon on this appeal and does not affect the questions raised on appeal in any manner. It is provided by sec. 4818, Rev. Codes, that on an appeal from a final judgment, the appellant must furnish the court with a copy of the notice of appeal, of the judgment-roll and of any bill of exceptions or statement in the case upon which the appellant relies. As the bill of exceptions sought to be stricken out was settled before the case was tried, it became a part of the judgment-roll under the provisions of subd. 2 of sec. 4556, Rev. Codes. That subdivision provides that the judgment-roll shall consist of the pleadings, a copy of the verdict of the jury or the findings of the court or referee, all bills of exceptions taken and filed, and a copy of any order made on demurrer or relating to a change of parties and a copy of the judgment. Since under the provisions of said sec. 4818 the appellant is required to furnish the court, among other documents, the "judgment-roll," it requires the appellant to furnish all the papers of which the judgment-roll is constituted. However, in the case at bar, the bill of exceptions sought to be stricken out consists of about twenty-six

pages of printed matter and has no bearing upon this appeal whatever, and could have been excluded from the transcript by stipulation of counsel without affecting the questions relied upon on this appeal. As it was not so excluded, it was the duty of the appellant under the statute above cited to include it in the transcript, and for that reason it will not be stricken out on motion.

*In limine,* it will be observed from the issues made by the pleadings as above set forth that plaintiff claims to be the owner of the real estate in dispute, and the defendant by his answer also claims to be the absolute owner of the same. The errors assigned are to the effect that the decree is inconsistent with and not supported by the findings of fact; that the findings and decree are uncertain and indefinite, and do not cover the issues raised by the pleadings; that the decree is contrary to the facts found; that the ninth finding of fact, charging Bates with $1,236 for rental of house, office, shop, pasture, orchard, etc., is contrary to other findings made by the court, and to the alleged agreement between the parties.

It must be conceded that the findings are not as full and complete as they might have been made, and also that a number of the allegations of the complaint were admitted by the answer, or not denied. The rule is well settled that where the facts admitted by the answer and the findings made by the court sustain the judgment, the judgment will not be set aside, because the findings alone do not sustain the judgment, as findings are not necessary when the facts are admitted in the pleadings; that is, when the answer admits the allegations of the complaint, there is no issue of fact made by the pleadings, and no finding of fact is necessary in such case. (*Fox v. Fox,* 25 Cal. 588; *Walker v. Brem,* 67 Cal. 599, 8 Pac. 320; *Taylor et al. v. Central Pac. R. R. Co.,* 67 Cal. 615, 8 Pac. 436; *Miller v. Luco,* 80 Cal. 257, 22 Pac. 195.) There is no necessity for findings upon immaterial issues, nor as to material facts alleged in the complaint and not denied by the answer. Findings should be of the ultimate facts and not of the probative facts; still, a finding of probative facts is suffi-

cient if the court is enabled to say that the required ultimate facts necessarily result therefrom. (*Miller v. Luco, supra.*)

Some question is raised as to the effect of the return of the deed in January, 1900, by respondent to Bates, which deed was executed by Bates and wife to respondent. It is contended that the great weight of authority is to the effect that the return of a deed by a grantee to the grantor, even with the intention to reinvest the grantor with title, does not reconvey any title to the grantor. That may be true as a rule of law, but this case was not tried upon that theory, but was tried upon the theory that Bates held the legal title, and we shall decide it upon the theory on which it was tried.

Some of the objections raised by appellant are with reference to matters which are either admitted by the answer or concerning which no issue is raised by the pleadings. There is no issue raised by the pleadings as to whether or not the Parma State Bank has been paid in full the amount borrowed by Bates from the bank. The complaint alleges that the amount due said bank is a debt of the defendant Bates and that no part of it is the debt of the plaintiff. That allegation is admitted by the answer, and it is now too late for the appellant to contend that possibly the bank has been paid in full. While the court did not find specifically the amount due the bank from Bates, from the findings made, it is clear that Bates was still owing the bank a part, if not all, of that indebtedness, and directed the appellant to pay thereon the amount of $893.95 found by the court to be due from the respondent to Bates. While no specific finding was made in regard to the indebtedness to the bank, there was no issue in that regard made by the pleadings. The bank admitted all allegations of the complaint by failure to answer.

It is contended that the findings of fact are indefinite and uncertain, and do not cover the issues made by the pleadings in that they fail to show what part of the property which has been conveyed to Bates by respondent has been sold by Bates and the bank. As we understand it, the list and description of property so sold was set out in the complaint in paragraphs 10 and 13. The tracts of land set out and described in the

complaint as having been sold are all admitted to have been sold, except lot 8 in block 35. There then was no issue raised on that question, except as to lot 8 in block 35.

It is also contended by counsel that the description of the property in the decree does not follow any description in the complaint. We find that the property referred to in the decree is particularly described as above set forth in this opinion, and specifically excepts certain lots and blocks from the operation of the decree and is the property described in the complaint. While the lots referred to as having been conveyed to Mansell and the Oregon Short Line Railway Co. are not specifically described in the decree, from the conveyance to those parties the description of those tracts may be made specific and certain, and the decree is to the effect that respondent and Bates are each an owner of an undivided one-half interest in and to the property described in the decree except the portions thereof that had been sold, as stated in the decree and excepted from its operation. It is not contended that any of the property of which Bates and respondent are decreed to be the equal owners has been sold or conveyed by Bates, and if the court has failed to include in its decree land that ought to have been included, Bates will not be permitted to complain for that reason. If he is not required to convey to respondent some of the property which it is admitted in the answer should be conveyed, respondent is the only man injured.

After a careful review of the whole case, we are of the opinion that the judgment and decree are sustained by the admissions of the answer and the findings of fact.

It is contended that the court erred in charging appellant Bates with $1,236 for rental value of the house, office, shop, pasture and orchard connected with said premises. There is nothing in this contention, since it is apparent from the record that respondent turned the property over to Bates under a contract that the net proceeds should be divided between the respective parties. If there were $1,236 realized from said premises for rental on the house, etc., that certainly was a

part of the profits from the premises, and came within the provisions of the contract.

Under the well-established rule that findings should be liberally construed in support of the judgment, we find they are sufficient in this case. There is no question raised as to the sufficiency of the evidence to sustain the findings, but the contention rests principally upon the ground that the findings are contradictory and not sufficient to support the judgment.

We have not taken up and discussed each of the specific errors assigned, but have examined them all, and are satisfied that the judgment of the trial court ought to be sustained, and it is so ordered. Costs are awarded to the respondent.

Ailshie, J., concurs.