(No. 5106.  April 20, 1929.)

DELLA FAIRBAIRN, Respondent, v. FOREST E. KEITH, Appellant.

[276 Pac. 966.]

D. L. Rhodes, for Appellant.

Geo. Donart and D. L. Carter, for Respondent.

BUDGE, C. J.—Appellant and respondent entered into a lease or farm shares contract, appellant's possession beginning on December 12, 1924, and ending March 1, 1926. This is an action to recover for an alleged failure on the part of appellant to comply with the provisions of the lease. Among other things, it is alleged in the complaint that appellant went into possession of the premises, that he failed and neglected to properly cultivate and irrigate the same, that he used a portion of the lands exclusively for pasturage which he did not pay for, that he failed and neglected to pay the water assessments provided to be paid in the lease, and refused to make settlement for certain lands planted to potatoes. Appellant admitted in his answer that he did not pay the water assessments, denied that he had not properly cultivated and irrigated the premises, denied that any of the lands had been used exclusively for pasturage, and affirmatively alleged that after the lease was executed it was modified so as to provide that if any of the lands in question should be planted to potatoes, such land should be paid for on the same basis as if sown to grain, and that he was and at all times had been ready, willing and able to comply with all the terms and provisions of the lease, but that respondent had refused to comply with the provisions of the lease on her part, and particularly that she had re-

fused to divide the crops grown on the premises unless appellant would divide the potatoes and make settlement for what was known as the slough. In addition to his answer appellant filed a cross-complaint, setting up the lease and alleging that at the time it was executed he was the owner of a large number of cattle, which fact was known to respondent, and that he desired to feed his portion of the crops to said cattle; that respondent refused to divide the crops on proper request, that by reason thereof appellant was not able to feed his cattle and they became poor and shrunk in weight to appellant's damage in the sum of $1,500. The case was tried to the court without a jury. Among other findings, the court found that appellant had properly irrigated and cultivated the premises but that he had not settled for the potato ground, the pasturage, or paid the water assessment, but made no specific findings upon the issue raised by the cross-complaint. This appeal is from the judgment.

Appellant's assignments of error may be grouped under three heads: (1) That the court failed to find upon all the material issues of the case; (2) that the court erred in making certain findings; and (3) that the evidence is insufficient to sustain the findings of fact, conclusions of law and judgment based thereon. We will discuss the alleged errors in the order stated.

The rule no doubt is that it is necessary for the trial court to make findings on all material issues. It is also a general rule in this jurisdiction that findings of fact are to be liberally construed in support of the judgment (*Donaldson v. Donaldson*, 31 Ida. 180, 170 Pac. 94; *Fouch v. Bates*, 18 Ida. 374, 110 Pac. 265), and the findings will receive the most liberal construction the language used will permit in order to sustain a judgment founded thereon. (*Eastwood v. Standard Mines etc. Co.*, 11 Ida. 195, 81 Pac. 382; *Wilkinson v. Bethel*, 13 Ida. 746, 93 Pac. 27; *Nelson Bennett Co. v. Twin Falls L. etc. Co.*, 14 Ida. 5, 93 Pac. 789.) From an examination of the evidence we have reached the conclusion

that the findings meet the material issues presented by the pleadings and are sufficient to sustain the judgment.

It is next contended that the trial court erred in making certain findings. Under the rule announced above regarding the liberality to be accorded findings in support of the judgment entered thereon there is no merit in this contention.

■ Appellant's third contention is that the evidence is insufficient to sustain the findings, conclusion and judgment. Under this head appellant contends that the evidence is insufficient to show that any portion of the premises in excess of one and one-quarter acres was used for summer pasturage. Upon this point the evidence is conflicting. The trial court, found, however, that the acreage used for pasture, had it been planted to grain, would have produced sufficient grain that respondent's share thereof would have been the sum of $209.60. There being sufficient evidence, if uncontradicted, to support the finding, under the well-established rule the finding will not be disturbed.

■ Appellant insists that the evidence is insufficient to show that he was not damaged by reason of the failure of respondent to divide the crops. The farm lease forms the basis of the action. The liability or nonliability of the parties must be determined from the lease and the evidence introduced upon the trial. The question therefore arises whether there was a breach of the lease by one or both of the parties. As we read the lease, before appellant could maintain an action and recover damages, certain conditions precedent were to be performed by him, and until these conditions were performed no action for damages would lie against respondent. The court found that during the cropping season of 1925 appellant raised on the premises 1,225 bushels of wheat, 327.61 tons of hay, together with a quantity of corn, that there were two silos partially filled with ensilage, that potatoes were raised on six acres of said land, that under the terms of said agreement appellant, upon full compliance with the terms and conditions thereof, was entitled to receive one-half of said crops and that respondent

was entitled to have and receive one-half thereof. The court further found that appellant should not be entitled to sell or remove any portion of the crops grown on the lands and premises until there should be a division thereof with respondent and that until such division the title to all of the crops should remain in respondent; and further found that subsequent to the date of the execution of the lease the terms were modified by the parties whereby it was agreed that appellant should be entitled to plant potatoes upon a portion of the lands and as rental of such lands so planted to potatoes should pay in cash the amount as rental which the plaintiff would have received as rental from the lands had the same been sown to grain; and that appellant during the year 1925 planted six acres of the lands to potatoes and had this acreage been sown to grain the value of respondent's share of the crop of grain which would have been raised thereon would be $139.80. The court also found under the terms of the lease that appellant should pay the water assessment against the lands for the year 1925, in the sum of $109; that appellant failed to pay said water assessment; that appellant had failed to pay for the lands used for summer pasturage, and had failed to pay the amount respondent was entitled to receive as rental for the land planted to potatoes.

Until appellant performed the conditions specified in the lease or tendered a performance no title in and to the crops vested in him, and respondent was within her rights in enforcing her demands. There could be no division of the crops until a full compliance by appellant. Neither could there be a division of the crops until the amount of indebtedness due respondent had been ascertained, and when so ascertained respondent would have a right to retain sufficient of the crops to reimburse her for any expenditure made or default in payments to be made by appellant. While appellant in his answer alleges a tender to respondent of certain amounts due her, the court specifically found that appellant did not tender or comply with the terms of the contract in the matter of the payment of the water assess-

ment, rental due for summer pasturage, or the amount due respondent as rental upon that portion of the lands which were planted to potatoes.

Appellant urges that under the terms of the lease respondent was to pay $90 of the cost of filling the silos, that this she failed to do, and that it was a condition precedent to any recovery by her. The lease provides that the two silos should contain 150 tons and be divided accurately between the parties, the landlord to pay $90 of the cost of filling such silos. The evidence shows that the silos were not filled, and under the terms of the lease making payment was not a condition precedent.

Much stress is laid upon the testimony touching the division of the crop of potatoes, appellant insisting that respondent would not divide the crops unless the potatoes were also divided. Under the oral modification of the lease respondent was not entitled to a division of the crops grown upon the six acres, but was to be compensated for their use upon the same basis as if the land had been sown to grain. Appellant never paid or tendered to respondent the value of the rental of the land planted to potatoes. The record discloses that respondent made every reasonable effort by offer of arbitration to bring about a division of the crops and a settlement of the controversy between herself and appellant, without avail. We are therefore not prepared to say that the failure to divide the crops was due to any fault of respondent, but on the contrary we are forced to the conclusion that the conditions in the contract to be performed by appellant were not performed and therefore appellant was not entitled to successfully defend upon this theory.

Appellant contends that the court did not find upon the issues raised under the cross-complaint. While we do not think a finding upon the cross-complaint was necessary or material, for the reason that appellant was in no position to claim damages by reason of his own default and failure to perform the conditions precedent on his part, the trial court did find that by reason of the fact that appellant was not entitled to a division of the crops he was therefore not

damaged by the failure of respondent to divide the crops upon the lands at an earlier date than the same were divided.

From what has been said it follows that the judgment must be affirmed, and it is so ordered. Costs to respondent.

Givens, Wm. E. Lee and T. Bailey Lee, JJ., and Baker, D. J., concur.