(No. 5261.   July 12, 1929.)

CHARLES E. CLEVELAND and CHRISTINE CLEVE-
LAND, His Wife, Appellants, v. LEONARD E.
MOCHEL and BLANCHE E. MOCHEL, His Wife,
and AMERICAN BANK AND TRUST COMPANY,
a Corporation, Respondents.

[279 Pac. 410.]

Tannahill & Leeper and R. E. Durham, for Appellants.

Erb & Erb, for Respondents.

GIVENS, J.—In May, 1927, appellants agreed to purchase from respondents a certain dwelling-house in Lewiston, to pay a portion of the purchase price at that time and the balance at certain future dates. Thereafter and in the same month appellants entered into possession. About the middle of August, appellants notified respondents that they elected to rescind the contract, alleging fraudulent representations, and thereafter instituted this action to rescind and for the return of the money which they had paid.

Appellants assign as error the refusal of the trial court to permit an amendment urged to conform the pleadings to the proof involving the east boundary of the property. The amendment, while alleging that appellants were mistaken as to the east boundary, in effect stated that this mistake was caused by the fraudulent representations made by respondent Leonard Mochel. Neither in the amendment nor otherwise did appellants seek to withdraw from the

complaint the allegations of fraud contained therein. That appellants did not seek by the amendment to change the essentials of the cause of action as sounding in fraud is strengthened by the statement in their brief as follows:

"Neither can it be said that the amendment presented a new cause of action or that respondents had been misled or deprived of introducing testimony which might have been desired in consequence of the amendment for the reason that the amendment was merely a precautionary measure and to expand and make more definite and certain the allegations of the complaint. The elements of the issue and all but a concise statement of the amendment are contained in the original complaint (folios 8–11 and 12) and is in accordance with the theory of appellants in their efforts to rescind the contract."

The allegations in the complaint at folios 8–11 and 12 are in substance that the defendants made false representations known to them to be false and enumerating the particulars wherein they were false and that said representations were in reference to material matters. If the amendment had been allowed, still an integral part of its effectiveness would have been the question of fraud and false representations. As indicated hereafter, the court found that no false representations had been made. Hence it is not apparent how the appellants were injured by the refusal of the trial court to permit an amendment.

Conceding that rescission might have been allowed for a mistake of fact on the part of one of the parties not induced by fraud on the part of the other, appellants do not contend that this amendment was of this nature.

It is apparent that appellants did not intend to disassociate the mistake of fact as urged in the amendment from the fraudulent representations, and since the court found that no fraud was perpetrated, the effect of such finding was that had the amendment been allowed, it could not have been made effective as affording appellants any relief because one of the essential elements, namely, fraud, had not been proven.

█ Appellants also assign as error the failure of the court to make findings of fact, urging that the following was merely a conclusion of law:

"That at the time said plaintiffs and defendants entered into said contract there were no false or fraudulent misrepresentations made by said defendants to said plaintiffs to induce them to purchase said property as is alleged in the complaint of plaintiff; that no frauds were perpetrated upon said plaintiffs, Charles E. Cleveland and Christine Cleveland, his wife, by the said defendants, Leonard E. Mochel and Blanche E. Mochel, his wife; that plaintiffs are not entitled to a rescission of said contract but are bound by the terms thereof."

In. this connection appellants rely on *Pittock v. Pittock,* 15 Ida. 426, 98 Pac. 719. It will be noted, however, that in that case, the court found that there was no competent evidence to show certain things. The court held that the finding was insufficient because it did not tell what the trial court had considered competent or incompetent evidence.

In the instant case, however, by the finding the court resolved the conflict in the evidence and found from the evidence in its entirety that no fraudulent representations had been made. Herein the finding is one of ultimate fact; therein the finding was as to the quality of the evidence, and being indefinite was held bad.

█ Where findings of fact and conclusions of law are commingled, they will not be disturbed if the ultimate facts are found. (*Miller v. Smith,* 7 Ida. 204, 61 Pac. 824.)

█ Findings should be liberally construed. (*Eastwood v. Standard Mines Co.,* 11 Ida. 195, 81 Pac. 382; *Wilkinson v. Bethel,* 13 Ida. 746, 93 Pac. 27; *Bennett Co. v. Twin Falls Co.,* 14 Ida. 5, 93 Pac. 789.)

Here the ultimate fact was the question of whether fraudulent representations had been made. The court found on conflicting, though sufficient, evidence that they had not been.

"A judgment will not be reversed for want of a finding by the lower court, unless it appears from the record that

there was evidence before the court from which it was required to make a finding which would countervail its other findings." (*Storey & Fawcett v. Nampa etc. Irr. Dist.*, 32 Ida. 713, 187 Pac. 946.)

While a different conclusion might have been reached, as has been so often said, the trial court is charged with the duty of resolving the conflicts in the evidence, and there is here sufficient evidence to support the findings and conclusion that no fraud was perpetrated, the ultimate and decisive question.

The judgment is affirmed.

Costs awarded to respondent.

Budge, C. J., and T. Bailey Lee, Wm. E. Lee and Varian, JJ., concur.